**STATE of Oklahoma ex rel. OKLA- HOMA BAR ASSOCIATION, Complainant,**

**v.**

**Gary L. BUTLER, Respondent.**

**SCBD No. 3716.**

Supreme Court of Oklahoma.

Nov. 10, 1992.

Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, for complainant.

Gary L. Butler, pro se, respondent.

---

## OPINION

WATT, Justice.

On October 8, 1990, the OBA filed a complaint against Gary L. Butler, a member of the Oklahoma Bar Association. In its complaint the OBA alleged various acts of professional misconduct by Butler. Butler filed a response in which he admitted some of the OBA's allegations and denied others. A trial panel was convened under our Rules Governing Disciplinary Proceedings, 5 O.S.1991 App. 1–A. The OBA and Butler presented to the trial panel Proposed Stipulations of Fact and Conclusions of Law With Agreed Recommendation for Discipline.

## FACTS AND PROCEDURAL HISTORY

The OBA's complaint arose from Butler's representation of clients in two cases. In the first, Butler represented a couple named Brown. In May 1985, the Browns' home had exploded and burned shortly after an exterminating company had been on the Browns' property. The Browns retained Butler to represent them in a suit against the exterminating company for negligent destruction of their property. Butler filed suit against the exterminating company in Ottawa County in 1986. During the discovery stage, counsel for the exterminating company filed motions to compel answers to interrogatories. The trial court sanctioned plaintiffs for failure to comply with discovery requests. Butler then dismissed the Browns' suit without prejudice, but failed to inform the Browns. Six months later, the Browns learned from a third party that Butler had dismissed their suit, and that sanctions had been imposed against them. Butler agreed to pay the costs of the sanctions personally and to help the Browns' new counsel in any possible if the Browns decided to refile their case.

In the second case, Butler represented a man named Valenzuela. Valenzuela and his female passenger were involved in a highway accident with a truck. Valenzuela was injured and the female passenger killed in the accident. Butler filed a probate proceeding on behalf of the woman's estate in which he sought to establish that Valenzuela had been the woman's common law husband. The probate court, however, held that the woman had not been Valenzuela's common law wife. Butler wrote to the insurance carrier for the owner of the truck concerning settlement of the claims. The Insurance carrier denied any liability to Valenzuela for the woman's death because Valenzuela was not the woman's common law husband. Butler took no further action to pursue Valenzuela's own claim against the insurer, and allowed the statute of limitations to bar Valenzuela's claim against the truck owner.

The OBA received written grievances from both the Browns and Valenzuela in early 1990. In each instance, the OBA notified Butler of the grievance and directed him to respond in writing within twenty days. Butler failed to respond in both cases, and the OBA again wrote to him. Again, Butler failed to respond. The OBA then filed its complaint.

In 1981, this Court privately reprimanded Butler for professional misconduct. In 1984, we suspended Butler from practicing law for one year and reinstated him in 1985. Both instances involved misrepresentations by Butler.

Butler and counsel for the OBA ask that Butler's discipline be limited to public censure and two years probation because Butler cooperated with the Brown's and their new lawyer in getting their case refiled, and settled with Valenzuela. The OBA and Butler also point out that none of the current disciplinary charges involve misrepresentations, which had been the basis of Butler's earlier discipline problems.

Following the last of three hearings it held on this matter, the trial panel adopted the proposed findings of fact and conclusions of law agreed to by Butler and the OBA. The panel unanimously agreed, however, that the recommended discipline of public censure and two years probation would be too lenient. The trial panel recommended as an additional sanction that Butler be suspended from practice for two months. The trial panel thought additional

discipline was warranted because Butler had been twice previously disciplined by this Court. Although Butler's misconduct caused little harm to his clients, the trial panel observed that his failure to respond to the OBA's notices of grievances was an aggravating factor. The record shows, and the trial panel found, that Butler failed to respond to requests from the panel to provide medical information and affidavits from local bar members. After prodding, Butler finally introduced testimony of several lawyers and judges, but ignored the panel's request for medical information. The lawyers and judges who testified, while not hostile, were not particularly favorable to Butler.[1]

The OBA has filed an itemized Application to Assess Costs in the amount of $1,360.01. Butler has not questioned the amount set forth in this Application, and has stipulated that he will be responsible for the costs of the proceeding.

## DISCUSSION

 We agree with the trial panel that a two months suspension is appropriate. Despite the agreement of the OBA to two years probation, we believe that three years probation would be more appropriate. Butler's bar discipline problems go back more than ten years, to 1981. His cooperation with the trial panel in this proceeding was less than total. We are the ultimate arbiters of appropriate sanctions in bar discipline cases, *State ex rel. Oklahoma Bar Association v. Braswell*, 663 P.2d 1228 (Okla.1984). In *State ex rel. Oklahoma Bar Association v. Samara*, 683 P.2d 979, 982 (Okla.1984) we said,

> The primary purpose of disciplinary proceedings is not punishment but purification of the bar. Every licensed lawyer is presented to the public as a person worthy of the trust of the public as to his professional integrity and expertise.

Because of the important policy of insuring the integrity of the bar, and given the circumstances of this proceeding, we impose a three-year probation, rather than two, upon Butler.

The terms of Butler's probation are as follows:

A. Butler shall abide by the Oklahoma Rules of Professional Conduct. Butler shall cooperate with the OBA's Office of the General Counsel's investigation of any allegations of unprofessional conduct against Butler.

B. During his probation Butler shall certify quarterly to the Office of the General Counsel that there are no files which he is neglecting to handle with reasonable promptness. Butler shall identify any files he regards as unreasonably delayed, and shall identify such files and explain such delays at the time of his certification.

C. Butler shall pay the costs of this proceeding, $1,360.01, to the Office of the General Counsel within thirty days of the date this opinion is filed in the office of the Clerk of this Court.

D. If during Butler's probation the Office of the General Counsel concludes that Respondent has not complied with the terms of his probation, the Office of the General Counsel shall file an application to revoke Butler's probation with the original trial panel, or such other panel as the Chief Master of Vice–Chief Master in the absence of the Chief Master shall appoint.

E. If Butler complies with the terms of his probation stated above for a period of three years from the date this opinion is filed in the office of the Clerk of this Court, this matter shall terminate.

IT IS THEREFORE ORDERED that Gary L. Butler shall be publicly reprimanded. IT IS FURTHER ORDERED that Gary L. Butler is suspended from the practice of law in the State of Oklahoma for a period of two months from the date of filing of this opinion. IT IS FURTHER ORDERED that Gary L. Butler is subject to and shall comply with the terms of probation set out in this opinion, including

---

1. The gist of the testimony of the lawyers and judges was that Butler works hard and is tenacious, but is difficult to deal with.

payment of the costs of this proceeding in the amount of $1,360.01 within thirty days of the filing of this opinion.

HODGES, V.C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

OPALA, C.J., and SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

In light of Respondent's previous disciplinary problems which date back to 1981, and because his cooperation with the Professional Responsibility Tribunal is described as "less than total", I would suspend Respondent from the practice of law for a period of three (3) years.

I am authorized to state that Chief Justice OPALA and Justice HARGRAVE join me in the views expressed herein.