STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Gary L. BUTLER, Respondent.

SCBD Nos. 3996, 3716.

Supreme Court of Oklahoma.

Sept. 12, 1995.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for complainant.

Gary L. Butler, Miami, pro se.

WATT, Justice.

In April, 1994, the Office of the General Counsel of the Oklahoma Bar Association brought a bar disciplinary proceeding against Gary L. Butler, which is now before us as SCBD No. 3996. Following a hearing on January 11, 1995, a Trial Panel of the Professional Responsibility Tribunal recommended that Butler be suspended for four years, but the Office of the General Counsel urges us to disbar him. The Office of the General Counsel also seeks to revoke Butler's probation in another disciplinary proceeding, SCBD No. 3716, upon which a hearing was held by Trial Panel on May 4, 1995. In SCBD No. 3716 The Trial Panel, acting on a stipulation between the Office of the General Counsel and Butler, found that Butler had violated the terms of his probation, and requested "that the Court consider discipline in conjunction with OBAD # 1154 and SCBD # 3996." Once again the Office of the General Counsel asks that we disbar Butler.

## FACTS AND PROCEDURAL BACKGROUND

SCBD Nos. 3996 and 3716 represent Gary L. Butler's fourth and fifth appearances before us as a respondent in bar disciplinary proceedings. In 1981 we privately reprimanded Butler, and in 1984 we suspended him from practicing law for a year. Both matters involved misrepresentations. In November, 1992, in SCBD No. 3716, we suspended Butler from practicing law for two months and placed him on probation for three years, *State ex rel Oklahoma Bar Ass'n. v. Butler,* 848 P.2d 540 (Okla.1992). Three justices dissented because they believed that Butler's history of disciplinary problems dating back to 1981, and his lack of cooperation with the Professional Responsibility Tribunal, made a two month suspension inadequate. The dissenters would have suspended Butler for three years. 848 P.2d at 542.

### SCBD No. 3996

Butler's pattern of not cooperating with the Professional Responsibility Tribunal continued in SCBD No. 3996. He failed to file an answer with the Chief Justice as required by Rule 6.4, Oklahoma Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3-A.[1] The Office of the General Counsel filed a Motion to Deem Allegations Admitted on June 13, 1994, forty-five days after Butler's answer was due. Butler did not respond to the Office of the General Counsel's motion. On September 26, 1994, the Professional Responsibility Tribunal found that Butler had not answered the Oklahoma Bar Association's complaint, and granted the Office of the General Counsel's Motion to Deem Allegations Admitted.

In September, 1986, Butler undertook to represent La Totsa Ivie in a medical malpractice claim on behalf of Mrs. Ivie's minor son, Rocky Anderson. The claim arose from the doctors treatment arising from an accident in which Mrs. Ivie's son had been hurt in July, 1986.

Butler corresponded with the doctor, and then with the doctor's insurance company on

---

1. Rule 6.4, ORPC, provides:
   The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice. The respondent may not challenge the complaint by demurrer or motion.

In the event the respondent fails to answer, the charges shall be deemed admitted, except that evidence shall be submitted for the purposes of determining the discipline to be imposed.

several occasions between September, 1986, and October, 1987. Despite several requests by the insurance company for Butler to make a written settlement demand, and Butler's assurances that he would do so, Butler never submitted a written settlement offer to the insurance company.

Later, Butler told Mrs. Ivie that the case might be settleable for $15,000.00, but Mrs. Ivie said that she would not be willing to accept such an amount. Butler then agreed to find a Tulsa lawyer for Mrs. Ivie.

On August 18, 1989, Mrs. Ivie went to Butler's office because she had heard nothing from Butler for some time. Butler filed a petition in the malpractice case that day. Unfortunately, by that time the statute of limitations had barred the cause of action. In December 1989, the doctor filed a motion to dismiss and motion for summary judgment, to which Butler filed no response. The trial court granted the doctor's motion for summary judgment in February, 1990, but Butler failed to inform Mrs. Ivie of this development.

In May, 1990, Mrs. Ivie's husband was killed in a motorcycle accident. While discussing with Butler the need to probate her husband's estate, Mrs. Ivie asked about the malpractice case. Butler told Mrs. Ivie that he had been unable to find a Tulsa lawyer to handle the malpractice case and suggested that they try to settle the case for $10,000.00, which amount Mrs. Ivie said she would accept.

Butler began probating the estate of Mrs. Ivie's husband in May, 1990. In 1993, when the estate had not been closed after nearly three years, Mrs. Ivie fired Butler, and obtained from him copies of the malpractice and probate files, and learned that the doctor's motion for summary judgment had been granted.

On April 29, 1993, Mrs. Ivie filed a written grievance against Butler with the Oklahoma Bar Association. In his written response to Mrs. Ivie's grievance, Butler claimed he had given Mrs. Ivie the names of two Tulsa attorneys and that she, not he, had caused the delay in filing suit on the malpractice claim. Butler claimed he told Mrs. Ivie that the statute of limitations had run on the claim, but filed suit anyway "out of respect for her frustration over the time that she had allowed to lapse." The Oklahoma Bar Association included a count in its complaint alleging that Butler's response to Mrs. Ivie's grievance contained statements that were not factually true and correct. As noted, Butler failed to file an answer to the formal complaint with the Chief Justice, and the Professional Responsibility Tribunal entered an order that Butler had admitted the allegations of the complaint.

A hearing was held before a Trial Panel of the Professional Responsibility Tribunal on January 11, 1995. The Trial Panel found that Butler had violated the ORPC by failing to act with reasonable diligence and promptness in representing Mrs. Ivie (Rule 1.3); by failing to reasonably inform her of the status of her case (Rule 1.4); by knowingly making false statements of material fact (Rule 8.1(a)); and by engaging in dishonesty, fraud, deceit, or misrepresentation (Rule 8.4(c)).

Prior to the hearing, the General Counsel had told Butler that he would recommend a four year suspension as discipline, and did so at the conclusion of the hearing. The Professional Responsibility Tribunal followed the General Counsel's recommendation and also recommended four years suspension. In its brief, however, apparently after reviewing the transcript of the hearing, the Office of the General Counsel recommended that Butler be disbarred "due to the testimony of the Respondent at the hearing and the continuous failure to accept responsibility for his actions."

The Office of the General Counsel has filed an itemized application to assess costs in this matter totaling $1,031.47. Butler has not questioned the reasonableness of these costs.

## SCBD No. 3716

On March 17, 1995, the Office of the General Counsel filed an application to revoke Butler's probation in SCBD No. 3716 based on the Trial Panel's report in SCBD No. 3996. On May 11, 1995, Butler and the Office of the General Counsel stipulated to findings of fact, conclusions of law and recommendation for discipline. In the stipula-

tion Butler admitted that he had violated the terms of his probation in SCBD No. 3716 and agreed that his written response to Mrs. Ivie's grievance in SCBD 3996 "was not a full and fair disclosure." This stipulation was made after the Office of the General Counsel had filed its brief in SCBD No. 3996 recommending that Butler be disbarred.

The Trial Panel, in accordance with Butler's and the Office of the General Counsel's stipulation, made no recommendation for discipline in SCBD No. 3716 and requested that we consider discipline in conjunction with SCBD No. 3996. The Office of the General Counsel, however, renewed its recommendation that Butler be disbarred in its brief on the revocation of probation issue.

The Office of the General Counsel has filed an itemized application to assess additional costs in this matter totaling $206.40, bringing to $1,566.41 the total costs sought. Butler has not questioned the reasonableness of these additional costs.

## DISCUSSION

■ The ultimate decision as to what discipline to impose on Butler rests with this Court after a de novo review of the record. *State ex rel. Oklahoma Bar Ass'n. v. Carpenter*, 863 P.2d 1123 (Okla.1993); *State ex rel. Oklahoma Bar Ass'n. v. Lloyd*, 787 P.2d 855 (Okla.1990). After reviewing the record, we agree with the Office of the General Counsel's recommendation that Butler be disbarred.

Butler's concealment of his derelictions from his clients and his refusal to accept responsibility for those derelictions permeates the records of the disciplinary proceedings brought against him, dating back to 1981. Butler's course of conduct leads us to the conclusion that disbarment is the proper remedy. *State ex rel. Oklahoma Bar Ass'n. v. Gasaway*, 863 P.2d 1189 (Okla.1993).

Respondent Gary L. Butler is ordered disbarred and his name stricken from the roll of attorneys. Butler is further ordered to pay costs of the proceedings in the amount of $1,566.41 within thirty days of the date this opinion becomes final.

RESPONDENT DISBARRED AND ORDERED TO PAY COSTS.

All the Justices concur.