1997 OK 108

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Robert RENNIE, Jr., Respondent.**

**Nos. SCBD 3863, SCBD 3937.**

Supreme Court of Oklahoma.

July 15, 1997.

As Corrected July 22, 1997.

John E. Douglas, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant in SCBD No. 3863.

Robert Rennie, Jr., Pauls Valley, Pro Se in SCBD No. 3863.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant in SCBD No. 3937.

Gary A. Rife, Oklahoma City, for Respondent in SCBD No. 3937.

PER CURIAM.

## FACTS AND PROCEDURAL BACKGROUND

¶1 This matter involves two disciplinary proceedings against Respondent, Robert Rennie, Jr. In August 1993 the General Counsel of the Oklahoma Bar Association brought the most recent of the two bar disciplinary proceedings before us today, SCBD No. 3937. In it, the Bar sought enhancement of discipline due to three other disciplinary proceedings. The first of the other proceedings was SCBD No. 3863, wherein the Trial Panel of the Professional Responsibility Tribunal recommended to this Court, on December 16, 1992, that Rennie be suspended for thirty days, and placed on probation for two years for neglect of client matters and failure to respond to a bar grievance. SCBD No. 3863 is still pending, and we will dispose of it in this opinion as part of our disposition of SCBD No. 3937. The second and third of the other disciplinary proceedings considered in SCBD No. 3937 were private reprimands issued by the Professional Responsibility Commission for neglect of client matters: OBAD No. 792 issued April 24, 1987, and OBAD No. 958 issued December 8, 1989.

¶2 The Trial Panel filed its report in SCBD No. 3937 on December 16, 1992, in which it recommended that Rennie be suspended from the practice of law for two years and one day. At that time Rennie was appearing *pro se*. By January 14, 1994 Rennie had retained counsel, Mr. Gary Rife, who on that date filed a motion to remand on

Rennie's behalf. Rennie's motion asked that the matter be remanded to the Professional Responsibility Tribunal to allow Rennie to present "character evidence or evidence in mitigation." The Bar acquiesced in Rennie's motion, and we granted it on January 25, 1994.

¶3 There are three Trial Panel proceedings that we must consider here. They are: (1) Proposed Stipulations of Fact and Conclusions of Law With Agreed Recommendation of Discipline in SCBD No. 3863, based on agreed facts and recommendation for discipline between Rennie and the Bar, filed December 16, 1992; (2) hearing of August 12, 1993, and Findings of Fact Conclusions of Law and Recommendation of Discipline filed September 13, 1993 in SCBD No. 3937; and (3) hearing of June 21, 1996 and Supplemental Report of Professional Responsibility Tribunal filed July 18, 1996 in SCBD No. 3937 *concerning Rennie's character and matters in mitigation.*

### SCBD No. 3863

¶4 Rennie stipulated with the Bar concerning all findings in this matter. The Bar's complaint contained three counts.

### *Count I*

¶5 In Count I Rennie agreed that he failed to respond in writing to two letters, one certified, the Bar sent to him in August and September 1991 regarding allegations of misconduct made by one of Rennie's clients, Ross English. The Bar then served a subpoena on Rennie to take his deposition, and Rennie testified by deposition in November 1991. In his deposition Rennie admitted that he received the Bar's certified letter. Rennie conceded that he had violated Rule 5.1 of the Rules Governing Disciplinary Procedure by failing to answer the grievance, and Rule 8.1 of the Rules of Professional Conduct by knowingly failing to respond to the Bar's certified letter.

### *Count II*

¶6 In Count II Rennie agreed that Ross English had hired him in October 1989 to defend an action in the District Court of Garvin County brought against Mr. English to foreclose on Mr. English's house. Rennie filed a counterclaim on Mr. English's behalf in November 1989. In his grievance Mr. English claimed that he had difficulty in communicating with Rennie between March 1990 and January 1991. In January 1991 Mr. English received notice by mail that the plaintiff in the foreclosure action was going to proceed with the sale of his house. Mr. English then went to Rennie's office and paid him a fee of $750.00 to delay the foreclosure sale. Rennie represented to Mr. English that he would try to delay the sale, but he filed no pleadings, and took no other action to delay the sale. The sheriff sold Mr. English's house at foreclosure sale in May 1991.

¶7 Rennie agreed that his conduct had violated Rules 1.1, 1.3, and 1.4 of the Rules of Professional Conduct in that his representation of Mr. English had been done neither competently nor diligently, and he failed to keep Mr. English reasonably informed of the status of the matter.

### *Count III*

¶8 As enhancement to discipline, Rennie agreed that he twice had been privately reprimanded for neglect of a client's legal matter entrusted to him, and once for failing to respond to a grievance (OBAD No. 792 on April 27, 1989, and OBAD No. 958 on December 8, 1989).

### *Recommendation of Discipline*

¶9 Rennie and the Bar agreed to discipline consisting of public censure from this Court, two years probation, and the payment of costs by Rennie in the amount of $750.94. The Trial Panel agreed to recommend the agreed discipline, but recommended that this Court impose additional discipline in the form of a thirty day suspension.

### SCBD No. 3937

¶10 This disciplinary proceeding arose from a grievance filed by one of Rennie's clients, Linda Easley. An evidentiary hearing was held on the matter before the Trial Panel on August 12, 1993, and the Trial Panel filed its findings of fact and conclusions of law on September 13, 1993. Rennie filed

nothing with the Trial Panel, and confessed the Bar's motion to deem the allegations of its complaint deemed admitted. Rennie had earlier filed a written response to the Bar's complaint that was misleading in that he falsely recited that he did not receive notice of defendant's motion for summary judgment in a case he handled for Mrs. Easley.

¶ 11 Mrs. Easley testified that Rennie filed a slip and fall case for her in 1988. Defendant's attorney in the case filed a motion for summary judgment, but Rennie did not file a responsive pleading, and summary judgment was entered for the defendant in December 1989. Mrs. Easley also testified that Rennie failed to respond to many long distance telephone calls she had made to inquire about the status of her case.

¶ 12 In early 1990, after the court entered summary judgment against Mrs. Easley, but before she learned of the court's action, Rennie agreed to pay a part of Mrs. Easley's medical bills not covered by insurance, and did pay $875.00 of those bills.

¶ 13 Mrs. Easley testified that in late 1990 Rennie told her that the defendant's lawyer had bought off the judge and that everyone knew that the judge had done bad things, but that a new judge would take office in January 1991. At the suggestion of another lawyer, Mrs. Easley checked the courthouse records of her case in July 1992. She discovered that summary judgment had been entered against her. When Mrs. Easley next asked Rennie about the status of her case he at first claimed that it was still proceeding. After Mrs. Easley confronted him with the facts, Rennie finally admitted that the court had entered summary judgment against her. Rennie agreed to pay Mrs. Easley "the value of the case."

¶ 14 Rennie did not testify or offer evidence.

¶ 15 Based on the facts developed in the proceeding the Trial Panel found that Rennie had violated Rules 1.3 (breach of obligation of diligence and promptness to clients), 1.4 (breach of obligation to communicate with and keep clients informed), 8.1 (making a false statement in a disciplinary matter), and 8.4(c) (misrepresentation) and (d) (conduct prejudicial to the administration of justice) of the Rules of Professional Conduct, and Rule 5.2 (deliberate misrepresentation in a disciplinary proceeding) of the Rules Governing Disciplinary Procedure. The Trial Panel considered the three earlier disciplinary matters involving Rennie as appropriate for enhancement of discipline, and recommended to us that Rennie be suspended from the practice of law for two years and one day, and pay the costs of the proceeding of $851.34.

## THE HEARING ON CHARACTER AND MITIGATION IN SCBD No. 3937

¶ 16 A sitting district judge, and the associate district judge for Garvin County testified for Rennie. A retired district judge, a former district judge and four local lawyers, each with over twenty years experience, also testified in Rennie's behalf. While recognizing the seriousness of Rennie's transgressions, the witnesses unanimously said they believed him to be a man of character and honor.

¶ 17 The gist of the testimony of the witnesses was that Rennie was a caring person who found it hard to say "no" to those who asked for his help and had undertaken more work, much of it *pro bono,* than he could handle. Rennie's problem in this regard was exacerbated when one of the two lawyers with whom Rennie had been practicing went on the bench and the other limited his practice to work for a local bank. Rennie fills a need in the community by his willingness to undertake cases that other lawyers avoid. He is treasurer of the Pauls Valley Rotary Club, is active in the community in other ways, and is liked and trusted by the local bench and bar. A lengthy suspension would, therefore, be detrimental to the community and to the members of the Garvin County bar. Rennie has paid Mrs. Easley $25,000.00 in compensation for his mishandling of her case. He has cut back on his case load, watches his dockets closely, and has learned to say "no" when it is appropriate to do so.

¶ 18 Rennie testified that he was frightened and ashamed when the first hearing in this matter was held in August 1993, so he offered no defense. He recognized that it is likely that he will be suspended, but that he

has not become discouraged and has learned what had gone wrong with his practice. He has hired a paralegal and an additional secretary.

¶ 19 The Trial Panel recognized that it lacked the power to modify its findings of fact filed on September 13, 1993, but deemed it unlikely that it would have found by clear and convincing evidence that Rennie was guilty of "some of the findings" made at the earlier hearing had he been represented by counsel, and had the evidence developed in the supplemental hearing been received in the original hearing. The Trial Panel, therefore, changed its recommendation for discipline from two years and one day to one year. The Bar insists that the original recommended suspension of two years and one day is appropriate.

## DISCUSSION

¶ 20 The Bar observes that the Trial Panel lacked jurisdiction to change its recommendation of discipline from two years and one day to one year. While this may be technically true, we choose to consider the Trial Panel's recommendation. "We are the ultimate arbiters of appropriate sanctions in bar discipline cases." *State ex rel. Oklahoma Bar Association v. Butler*, 1992 OK 150 ¶ 9, 848 P.2d 540, 542 (Okla.1992). The sanctions we impose are to be based on our *de novo* review of the record. *State ex rel. Oklahoma Bar Association v. Carpenter*, 1993 OK 86, 863 P.2d 1123 (Okla.1993). As part of that *de novo* review we choose to consider the Trial Panel's recommendation, which is, after all, a part of the record.

¶ 21 Rennie's conduct in the late 1980s and early 1990s was disturbing and calls for discipline, as both the Trial Panel and the Bar agree. The unanimous testimony of many members of the Garvin County bench and bar, however, is entitled to consideration. It appears that Rennie is an honorable man, who has admitted his mistakes and has taken steps to insure that they will not happen again. Consequently, we agree that a one year suspension from the practice of law would be appropriate.

¶ 22 We publicly reprimand Rennie, suspend him from the practice of law for one year, and order payment of the costs of this proceeding.

¶ 23 IT IS THEREFORE ORDERED that Robert T. Rennie, Jr. shall be publicly reprimanded. IT IS FURTHER ORDERED that Robert T. Rennie, Jr. is suspended from the practice of law in the State of Oklahoma for a period of one year from the date of filing of this opinion. IT IS FURTHER ORDERED that Robert T. Rennie, Jr. shall pay the costs of this proceeding in the amount of $750.94 in SCBD No. 3863, and $851.34 in SCBD No. 3937 within thirty days of the filing of this opinion.

RESPONDENT PUBLICLY REPRIMANDED, SUSPENDED FOR ONE YEAR, AND ORDERED TO PAY COSTS

¶ 24 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, HARGRAVE and WATT, JJ., concur.

¶ 25 ALMA WILSON, J., concurs in part, dissents in part:

I would impose a six month suspension.

¶ 26 OPALA, J., with whom LAVENDER and SIMMS, JJ., join, dissent:

I would impose a more severe disciplinary sanction for the multiple offenses charged.