OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT
2014 OK 71
Case Number: SCBD-6142
Decided: 07/16/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 71, __ P.3d __

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DAVID WILLIAM KNIGHT, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Pursuant to Rule 7.7 of the Oklahoma Rules of Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A, the complainant, the Oklahoma Bar Association, caused documentation to be transmitted to the Chief Justice of this Court following the imposition of a one-year probated suspension from the practice of law in the state of Texas. Upon order of this Court, the OBA filed a report detailing the respondent's past attorney discipline in Texas and Oklahoma. The Professional Responsibility Commission previously reprimanded the respondent for client neglect, failure to communicate with a client, and failure to report discipline in Texas.

RESPONDENT SUSPENDED FOR ONE YEAR. 

Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
David William Knight, Respondent, not appearing.

Taylor, J.

I. BACKGROUND

¶1 Pursuant to Rule 7.7[1] of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, the complainant Oklahoma Bar Association (OBA) caused documentation in this attorney disciplinary proceeding to be transmitted to the Chief Justice of this Court following the one-year probated suspension of the respondent, David William Knight (Knight), in Texas. Knight was admitted to the practice of law in Oklahoma, on October 14, 1982, and was licensed to practice law in Oklahoma and Texas at all relevant times.

¶2 On October 10, 2013, the Evidentiary Panel 14-1 of the Grievance Committee for State Bar of Texas District 14 (State Bar of Texas) ordered that Knight be placed on a one-year probated suspension from the practice of law by an Agreed Judgment of Probated Suspension (the 2013 Texas Judgment).[2] The State Bar of Texas found that Knight had violated Rules 1.01(b)(1), 1.03(a), and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct (TDRPC). Rule 1.01(b)(1) of the TDRPC states: "In representing a client, a lawyer shall not . . . neglect a legal matter entrusted to the lawyer . . . ." Rule 1.03(a) of the TDRPC states: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Rule 1.15(d) of the TDRPC states, in pertinent part: "Upon termination of representation, a lawyer shall . . . [surrender] papers and property to which the client is entitled . . . ."

¶3 In the 2013 Texas Judgment, the State Bar of Texas found that 1) Knight "was hired by [the complainant in Texas] to file a lawsuit against a former client for failure to pay for services rendered," 2) Knight "neglected the legal matter entrusted to him," 3) Knight "failed to promptly comply with reasonable requests for information" from his client, and 4) "[u]pon termination of representation, [Knight] failed to surrender papers and property to which [his client] was entitled." The State Bar of Texas ordered that Knight "be suspended from the practice of law for a period of one (1) year, with the suspension being fully probated pursuant to the terms stated [in the 2013 Texas Judgment]."[3] The period of probated suspension began on November 1, 2013, and is scheduled to end on October 31, 2014. It is clear from the record that Knight remains eligible to practice law in Texas during his one-year probated suspension.

¶4 On June 6, 2014, this Court directed Knight to show cause, by written response to be filed on or before June 20, 2014, why he should not be disciplined by this Court based on the 2013 Texas Judgment. Knight failed to respond.

¶5 The 2013 Texas Judgment suspending Knight from the practice of law in Texas is "prima facie evidence that he committed the acts described therein." RGDP 7.7(b). Knight bears the burden of proof to show that the findings forming the basis of the Texas probated suspension were not supported by the evidence or that the findings are not sufficient grounds for discipline in Oklahoma. State ex rel. Okla. Bar Ass'n v. Henderson, 1999 OK 29, ¶ 4, 977 P.2d 1096, 1098. Knight has failed to meet this burden.

¶6 Rules 1.01(b)(1), 1.03(a), and 1.15(d) of the TDRPC served as the basis for Knight's discipline in Texas. Rules 1.1 (competence),[4] 1.3 (diligence),[5] and 3.2 (expediting litigation),[6] of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A, are substantially identical to Rule 1.01(b)(1) of the TDRPC. Rule 1.4(a)(3)-(4) (communication)[7] of the ORPC is the same as Rule 1.03(a) of the TDRPC. Rule 1.16(d) (surrendering papers and property upon termination of representation)[8] of the ORPC is the same as Rule 1.15(d) of the TDRPC. The misconduct for which Knight was suspended by the State Bar of Texas--neglecting the legal matter entrusted to him, failing to comply with his client's reasonable requests for information, and failing to surrender his client's papers and property upon termination of representation--constitutes violations of Rules 1.1, 1.3, 1.4(a)(3)-(4), 1.16(d), and 3.2 of the ORPC. Additionally, Knight failed to notify the General Counsel of the OBA that he had been disciplined for lawyer misconduct in Texas within twenty days of the final judgment, as required by Rule 7.7(a) of the RGDP.

II. PAST MISCONDUCT AND DISCIPLINE

¶7 On June 12, 2014, this Court ordered the OBA to inquire into and file a report, with relevant documents attached, on past disciplinary action taken against Knight in any jurisdiction and whether Knight had reported the disciplinary action to the OBA. The order allowed Knight to respond by June 30, 2014. The OBA filed its report on June 19, 2014. Knight failed to respond.

¶8 The OBA reported that 1) on December 15, 2009, the State Bar of Texas issued a Judgment of Partially Probated Suspension (the 2009 Texas Judgment) against Knight based on neglect and failing to communicate with his client; 2) Knight did not appeal the 2009 Texas Judgment, and it became a final order of discipline; 3) Knight failed to report the disciplinary action to the OBA pursuant to Rule 7.7(a) of the RGDP; 4) the OBA received notice of the disciplinary action from the State Bar of Texas, conducted a formal investigation, and presented the matter to the Professional Responsibility Commission (PRC); and 5) the PRC issued a private reprimand to Knight based on the Texas suspension and his failure to report.

¶9 Knight's private reprimand was based on the 2009 Texas Judgment in which the State Bar of Texas found that 1) Knight "neglected a legal matter that was entrusted to him," 2) Knight "failed to keep [his client] reasonably informed about the status of the legal matter and failed to comply with her reasonable requests for information regarding the matter," 3) Knight "communicated about the subject of the representation with an organization [Knight] knew to be represented by another lawyer regarding that subject" without the consent of the other lawyer or legal authorization to do so, and 4) Knight owed $7,302.00 in restitution to the Estate of Ruth M. Wilson. The State Bar of Texas ordered that Knight be placed on a one-year partially probated suspension from the practice of law, from January 15, 2010 to January 14, 2011. The first three months of the sentence consisted of an active suspension. The remaining nine months consisted of a probated suspension subject to similar terms as in the 2013 Texas Judgment, with the addition of 12 hours of Ethics CLE and 100 hours of community service.

¶10 The State Bar of Texas concluded in the 2009 Texas Judgment that Knight had violated Rules 1.01(b)(1), 1.03(a), and 4.02(a)[9] of the TDRPC. On July 22, 2011, the PRC found that Knight had violated Rules 1.1 (competence), 1.3 (diligence), and 1.4 (communication) of the ORPC and Rule 7.7 of the RGDP.

III. APPROPRIATE DISCIPLINE

¶11 To determine the appropriate discipline, we consider the current misconduct, past misconduct and discipline, and the purposes of discipline. We have considered the current misconduct and past misconduct and discipline and turn to the other considerations. The purposes of attorney discipline are to protect the public and the judiciary, to preserve the integrity of the bar, and to deter similar misconduct by the attorney being disciplined and other members of the bar. State ex rel. Okla. Bar Ass'n v. Benefield, 2005 OK 75, ¶ 21, 125 P.3d 1191, 1195.

¶12 We do not consider Knight's previous misconduct and discipline in Texas and Oklahoma to punish him a second time but because his previous misconduct establishes a troubling history of neglect that must be considered in fashioning the appropriate discipline. Id. ¶ 22, 125 P.3d at 1195. "A history showing a pattern of neglect warrants substantial sanctions." Id. ¶ 31, 125 P.3d at 1196. In 2009, Knight received a private reprimand for the same misconduct at issue here--client neglect, failure to communicate with his clients, and failure to report. When one form of discipline proves inadequate to deter misconduct, this Court has no choice but to substantially increase the severity of the discipline to safeguard the interests of the public. Id.

¶13 We are also troubled by Knight's failure to respond to this Court's show-cause order or to the OBA's report detailing his past misconduct and discipline. When a lawyer places so little value on his license to practice law and shows no regard for this Court's authority, the discipline should be sufficient to cause him to appreciate the gravity of his behavior. See State ex rel. Okla. Bar Ass'n v. Whitebook, 2010 OK 72, ¶ 26, 242 P.3d 517, 523. Here, additional discipline for Knight's misconduct is warranted by his failure to report and lack of respect for this Court's authority.

¶14 "In a reciprocal disciplinary proceeding, it is within this Court's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity." State ex rel. Okla. Bar Ass'n v. Kleinsmith, 2013 OK 16, ¶ 4, 297 P.3d 1248, 1250 (citing State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 51, ¶ 33, 28 P.3d 551, 561). The discipline imposed for neglect of a client's matters has ranged from a public censure to two years' suspension. Benefield, ¶ 32, 125 P.3d at 1196. A one-year suspension is consistent with discipline imposed by this Court in similar cases. Benefield, 2005 OK 75, 125 P.3d 1191 (finding that a one-year suspension was proper discipline for client neglect and failure to communicate when the attorney had been previously disciplined and had a history of neglect); State ex rel. Okla. Bar Ass'n v. Rennie, 1997 OK 108, 945 P.2d 494 (finding that a one-year suspension was proper discipline for client neglect and failure to communicate when the attorney had been previously disciplined and failed to respond to the bar about a grievance).

¶15 Here, a one-year suspension in Oklahoma is warranted for the acts which form the basis of Knight's current suspension in Texas, his failure to report pursuant to Rule 7.7(a) of the RGDP, his history of neglect and failure to keep his clients informed, and his apparent indifference toward his license to practice law and this Court's authority. It is ordered that the respondent, David William Knight, OBA No. 5085, be suspended for one year.

¶16 The OBA is ordered to transmit documentation in this disciplinary proceeding to the appropriate disciplinary body of the State Bar of Texas. The OBA has not sought reimbursement for any costs associated with this proceeding.

IV. CHANGES TO RULE 7.7(b) OF THE RGDP

¶17 Rule 7.7(b) of the RGDP allows, but does not require, the OBA to transmit to the Chief Justice a certified copy of documentation of a disciplinary proceeding in another jurisdiction when the OBA receives such documentation. Here, the OBA did not transmit to the Chief Justice the documentation regarding Knight's 2009 Texas suspension when the OBA received it but instead proceeded under Rule 6 of the RGDP.

¶18 This Court has previously warned the OBA against electing to file what should be a Rule 7 proceeding under Rule 6. State ex rel. Okla. Bar Ass'n v. Zannotti, 2014 OK 25, ¶¶ 20-22, __ P.3d __, __. In Zannotti, we recognized that uneven and inconsistent discipline would result if the OBA sought discipline for a criminal conviction under a Rule 6 proceeding rather than filed the documents from the criminal proceeding with the Chief Justice pursuant to Rule 7.2. Id. ¶¶ 20-21, __ P.3d at __. We remedied the problem of uneven discipline in Zannotti by directing the OBA, "in all future cases, to furnish certified copies of documents listed in Rule 7.2 to the Chief Justice within five days of receiving such documents." Id. ¶ 22, __ P.3d at __.

¶19 Here, the OBA's decision to file Knight's 2009 Texas suspension under Rule 6 rather than Rule 7.7 resulted in disparate treatment for the same conduct because, unlike Rule 6, Rule 7.7 does not contain a provision for a PRC reprimand. This opinion should not be read to preclude the OBA from filing under Rule 6 of the RGDP, although this Court may combine the Rule 6 action with another RGDP action.

RESPONDENT SUSPENDED FOR ONE YEAR.

CONCUR: COLBERT, C.J.; REIF, V.C.J.; and KAUGER, WATT, WINCHESTER, TAYLOR, COMBS, and GURICH, JJ.

CONCUR IN RESULT: EDMONDSON, J.

FOOTNOTES

[1] Rule 7.7 of the RGDP provides:

(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

(b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of the transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

[2] The 2013 Texas Judgment became a final order of discipline when Knight did not appeal his probated suspension, as allowed by Rule 2.23 of the Texas Rules of Disciplinary Procedure.

[3] The terms required that Knight (1) not violate any term of the 2013 Texas Judgment, (2) not engage in professional misconduct as defined by the Texas Rules of Disciplinary Procedure, (3) not violate any state or federal criminal statutes, (4) keep the State Bar of Texas membership department notified of current contact information, (5) comply with MCLE requirements, (6) comply with Interest on Lawyers Trust Account requirements, (7) promptly respond to any request for information from the Chief Disciplinary Counsel regarding investigations into allegations of professional misconduct, and (8) pay the State Bar of Texas's attorneys' fees and direct expenses.

[4] Rule 1.1 of the ORPC provides:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

[5] Rule 1.3 of the ORPC provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

[6] Rule 3.2 of the ORPC provides:

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

[7] Rule 1.4(a) of the ORPC provides:

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonable consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and;

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

[8] Rule 1.16(d) of the ORPC provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expenses that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[9] The State Bar of Texas concluded that Knight's improper communications with a represented organization without the consent of the organization's lawyer or other legal authorization constituted a violation of Rule 4.02(a) of the TDRPC, which states:

In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Rule 4.2 of the ORPC prohibits improper communications with a represented person but does not address communications with represented organizations.

 





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1997 OK 108, 945 P.2d 494, 68 OBJ 2531, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. RENNIE
Discussed 2001 OK 51, 28 P.3d 551, 72 OBJ 1921, STATE ex. rel. OKLAHOMA BAR ASSN. v. PATTERSON
Discussed 2005 OK 75, 125 P.3d 1191, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BENEFIELD
Discussed at Length 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed 2013 OK 16, 297 P.3d 1248, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITH
Discussed 2014 OK 25, 326 P.3d 496, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZANNOTTI
Cited 1999 OK 29, 977 P.2d 1096, 70 OBJ 1134, State ex. rel. Oklahoma Bar Association v. Henderson
Discussed