STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ODOM
2023 OK 58
Case Number: SCBD-7413
Decided: 05/23/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 58, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
RICHMOND C. ODOM, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Pursuant to Rule 7.7 of the Oklahoma Rules of Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A, the Complainant, Oklahoma Bar Association, caused documentation to be transmitted to the Chief Justice of this Court following the imposition of a three-year suspension from the practice of law in the state of Louisiana against Respondent, Richmond C. Odom. Upon order of this Court, Respondent filed a Response and the Bar filed a brief detailing Respondent's past history and recommending discipline.

RESPONDENT IS SUSPENDED FOR THREE YEARS TO RUN
CONCURRENT WITH LOUISIANA DISCIPLINE.

Tracy Pierce Nester, Oklahoma Bar Association, Oklahoma City, Oklahoma for Complainant.

Richmond C. Odom, West Monroe, Louisiana, pro se. 

OPINION

DARBY, J.:

I. BACKGROUND & PROCEDURAL HISTORY

¶1 Pursuant to Rule 7.7 of the Oklahoma Rules of Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, the Complainant, Oklahoma Bar Association, caused documentation to be transmitted to the Chief Justice of this Court following the imposition of a three-year suspension from the practice of law in the state of Louisiana against Respondent, Richmond C. Odom. Respondent was admitted to the practice of law in Oklahoma on October 14, 1982. On September 10,1991, this Court struck Respondent's name from the Roll of Attorneys for failure to pay OBA membership dues for the year 1990. Pursuant to RGDP 1.1, this Court retains jurisdiction to discipline Respondent. RGDP, 5 O.S. Supp. 2017, ch. 1, app. 1-A.

¶2 The certified copy of Respondent's Louisiana discipline showed that on December 9, 2022, Respondent was suspended from the practice of law for three years and ordered to pay restitution in the amount of $27,721.44, as well as all costs in the proceedings. The Louisiana Supreme Court found the facts showed that from July 2004 to April 2006 Respondent systematically committed 160 separate acts of conversion of funds, in the amount of $260,334.24, from a trust account for which he served as trustee. The Court found that Respondent used the converted funds to pay his credit card bills, rent, and salaries.

¶3 The Court determined that Respondent subsequently remitted $212,279.73 to one of the income beneficiaries of the trust and in November 2006 tendered another $6,000.00 in partial payment of the misappropriated funds. In May 2007, the income beneficiaries filed a disciplinary complaint and civil suit against Respondent. Respondent then paid the remainder of the misappropriated amount, and the parties entered into a settlement agreement wherefore the income beneficiaries withdrew the disciplinary complaint and dismissed the civil suit.

¶4 In August 2008, the Louisiana Office of Disciplinary Counsel filed formal charges against Respondent. In 2009, Respondent filed a petition for transfer to disability inactive status, in which he asserted that he was incapable of defending the formal charges. The transfer to disability inactive status was granted September 30, 2009, and stayed all disciplinary proceedings against Respondent.

¶5 On February 2, 2018, Respondent was reinstated to active status and the pending proceedings resumed. At that time, Respondent notified the Office of Disciplinary Counsel, for the first time, that his trust account had been exclusively managed by his paralegal. In May 2019, the Office of Disciplinary Counsel filed amended and supplemental charges which alleged that Respondent failed to properly supervise a non-lawyer assistant.

¶6 The Louisiana disciplinary Hearing Committee held a hearing on the merits, which was followed by review by the Louisiana Attorney Disciplinary Board. Respondent objected to the Attorney Disciplinary Board's recommendation, bringing the matter before the Louisiana Supreme Court for oral argument.

¶7 The Louisiana Supreme Court found that Respondent had violated Louisiana Rules of Professional Conduct 1.15(a) (safekeeping property of clients or third persons) and 5.3(b)(c) (failure to properly supervise a non-lawyer assistant). The Louisiana Supreme Court found that although Respondent's actions did not occur within the context of an attorney-client relationship, he clearly violated fiduciary duties he owed to the trust and his failure to safeguard the property of a third person was a clear violation of Louisiana Rule of Professional Conduct 1.15(a). The Court also found Respondent violated Rule 5.3(b)(c), when he failed to properly supervise his non-lawyer assistant and allowed commingling of funds. The Court found Respondent's health problems and timely effort to rectify the consequences were both mitigating factors in discipline, as well as his current emeritus status (limiting his ability to practice law). The Court suspended Respondent for three-years and ordered him to pay the remaining restitution to the income beneficiaries in the amount of $27,721.44, as well as all costs in the proceedings.

¶8 On February 15, 2023, pursuant to RGDP 7.7, this Court ordered that the certified copy of the Louisiana discipline constituted the charge against Respondent and is prima facie evidence that Respondent commit the acts described therein. Respondent was ordered to show cause why a final order of discipline should not be imposed, allowed to submit evidence to support any claims that the finding in the discipline was not supported by evidence or sufficient grounds for discipline in Oklahoma, and allowed to file a brief or evidence to mitigate the discipline. Respondent filed his response to this Court's order on March 3, 2023. The response contains several confusing and unsubstantiated comments and allegations regarding a suspicious death and potential retribution by the Chief Justice of the Louisiana Supreme Court in this discipline.

¶9 More relevantly, Respondent asserted, without any supporting evidence, that as trustee he "was vested with authority to borrow funds from the trust without prior approval of the settlor or the income beneficiaries." Response 2. Respondent claimed that he "exercised that authority, but negligently commingled borrowed trust funds with other funds in his client trust account, and his operating account." Id. Respondent claims he immediately paid the funds back and settled the lawsuit, with one of the terms of the settlement that the income beneficiaries would waive any accrued interest. Id. 3. With no attached evidence, Respondent then asserts that the Louisiana Supreme Court assessed the interest against him, in addition to the principal, knowing of this waiver. Id. Respondent then detailed his medical problems from 2008.

¶10 In mitigation, Respondent states that he is 70 years old and was diagnosed with prostate cancer in May 2022, which he was treated for from August 2022 to October 2022. Respondent claims that he fully cooperated from the beginning of the investigation against him and he "feels that the Louisiana Supreme Court's ruling is nothing more than a response to his having sued the chief justice 18 years ago." Id. 3-4. Respondent finishes by explaining that even without a suspension he cannot practice law due to his emeritus status and that he "allowed his Oklahoma law license to lapse around 40 years ago, and has no intention of returning to Oklahoma to practice law." Id. 4. Respondent declined a hearing before this Court. As evidence, Respondent attached a copy of a negotiated consent agreement discipline which the Louisiana Supreme Court rejected, and a copy of the Hearing Committee report; he did not submit any transcripts or other evidence from the Louisiana Supreme Court disciplinary proceedings or otherwise regarding the trust.

¶11 On March 23, 2023, Complainant filed its recommendation of discipline. Complainant notes that the Louisiana Rules of Professional Conduct which Respondent violated are substantively similar to the Oklahoma counterparts. Complainant also claims that Respondent's behavior violated Oklahoma Rules of Professional Conduct 8.1(a), 8.4(c), and 8.2(a), as well as RGDP 1.3. Complainant argues that while the Louisiana Supreme Court found Respondent guilty of commingling, under Oklahoma law, he is also guilty of simple conversion of funds because he used the converted funds to pay credit cards, rent, and salaries. Finally, Complainant notes that Respondent's Oklahoma license lapsed 32 years ago, not 40, and that he petitioned for reinstatement with this Court in 2000, but withdrew the petition shortly thereafter. Complainant argues that the "appropriate discipline is a suspension of some period" and notes that since Respondent has already been stricken from the roll of attorneys and would need to petition for reinstatement, a suspension to reflect his disciplinary record is appropriate. Complainant's Recommendation 8.

II. STANDARD OF REVIEW

¶12 The Supreme Court of Oklahoma possesses original, exclusive, and nondelegable jurisdiction to control and regulate the practice of law, licensing, ethics, and discipline of attorneys. State ex rel. Okla. Bar Ass'n v. Watkins, 2019 OK 76461 P.3d 174see also 5 O.S.2011, § 13See RGDP 7.7(c). This Court exercises the responsibility to decide whether attorney misconduct has occurred, and if so, the appropriate discipline required in order to safeguard the interests of the public, the courts, and the legal profession. State ex rel. Okla. Bar Ass'n v. Knight, 2018 OK 52421 P.3d 299Id. (quoting State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 5128 P.3d 551State ex rel. Okla. Bar Ass'n v. Knight, 2014 OK 71330 P.3d 1216

III. APPROPRIATE DISCIPLINE

¶13 Respondent failed to meet his burden to show that the findings forming the basis of the Louisiana discipline were not supported by the evidence or that they are not sufficient grounds for discipline in Oklahoma. Further, the subject of Respondent's misconduct is one this Court takes very seriously. The first question we must address is whether Complainant is correct that Respondent is guilty of a higher level of culpability than stated in the Louisiana order of discipline. In Oklahoma, there are three levels of culpability when an attorney mishandles client funds: commingling, simple conversion, and misappropriation. Watkins, 2019 OK 76See State ex rel. Okla. Bar Ass'n v. Taylor, 2000 OK 354 P.3d 1242

¶14 In Oklahoma, commingling occurs when an attorney fails to keep client and attorney money in separate accounts; but simple conversion occurs when an attorney then uses the client funds for a purpose other than that for which they are intended. Watkins, 2019 OK 76Id., 2019 OK 76intent to misuse funds, which can be shown by a repeated pattern of behavior over time. Id. 

¶15 Louisiana divides mishandling of client funds into two categories, commingling and conversion. Louisiana State Bar Ass'n v. Hinrichs, 486 So. 2d 116 (La. 1986). "Conversion is restricted to those major interferences which are so serious, and so important, as to justify the drastic remedy of a forced judicial sale, while professional rule violations may range from a minor infraction justifying no more than an informal reprimand to a breach that is grounds for disbarment." Hinrichs, 486 So. 2d, 121. Essentially commingling in Louisiana is equivalent to either commingling or simple conversion in Oklahoma, whereas Louisiana's conversion is more equivalent to misappropriation in Oklahoma. In Hinrichs, the Louisiana Supreme Court explained:

A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client's funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.

Id., 122--123.

¶16 From the record before this Court, it is clear that at a minimum, Respondent committed simple conversion of funds when he used trust funds to pay his credit card bills, rent, and salaries. The Louisiana Supreme Court's use of a different term congruent with their own laws will not limit this Court from recognizing the nature of Respondent's misconduct. While there are some indications that Respondent may have committed a higher level of misconduct than simple conversion due to the repetitive nature of his actions and some of the comments in the record, we will not discipline him for more without a finding from the Louisiana Supreme Court or evidence to support those findings.

¶17 Complainant requests this Court suspend Respondent for any period of time as he is already required to apply for reinstatement to this Court. But, that would not be consistent with the discipline this Court has imposed on other lawyers for similar misconduct in Oklahoma. See State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 5151 P.3d 570Watkins, 2019 OK 76See Watkins, 2019 OK 76State ex rel. Okla. Bar Ass'n v. Tully, 2000 OK 9320 P.3d 813 State ex rel. Okla. Bar Ass'n v. Friesen, 2016 OK 109384 P.3d 1129State ex rel. Okla. Bar Ass'n v. Raskin, 1982 OK 39642 P.2d 262

RESPONDENT IS SUSPENDED FOR THREE YEARS TO RUN
CONCURRENT WITH LOUISIANA DISCIPLINE.

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Edmondson, Gurich, and Darby, JJ., concurring;

Combs, and Kuehn, JJ., concurring in part, dissenting in part.

Combs, J., with whom Kuehn, J. joins, concurring in part and dissenting in part:

I concur in the finding that discipline is warranted, however I dissent to the discipline. I would disbar the Respondent from the practice of law in Oklahoma.