2010 OK 25

**STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Rhett Henry WILBURN, Respondent.**

**SCBD No. 5436.**

Supreme Court of Oklahoma.

March 16, 2010.

that differ from the conditions provided by statute must always be guided by the best interests of the child.

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for complainant.

Respondent, Rhett Henry Wilburn, Glenpool, OK, appearing pro se.

REIF, J.:

¶1 This case is a disciplinary proceeding against Respondent, Rhett Henry Wilburn, pursuant to Rule 7; (Summary Disciplinary Proceedings before the Supreme Court) 5 O.S.2001, Ch. 1, App. 1–A. Respondent was convicted in Pawnee County of felony unlawful possession of a controlled substance, Oxycodone. He was placed on three years' probation, with the first year under supervision of the Oklahoma Department of Corrections. Respondent was also convicted of three misdemeanors in Tulsa County—one count of entering a building with the unlawful intent to commit assault and battery, and two counts of assault and battery upon the persons of an eleven-year-old girl and a five-year-old boy. He received a one-year sentence for entering a building with unlawful intent, with the first 23 days to be served in Avalon and the remaining suspended. For the assaults, Respondent received 90–day sentences, with part in the custody of Avalon and part suspended, to run concurrently with the sentence for entering with unlawful intent.

¶2 On November 10, 2008, we issued an Order of Interim Suspension. We subsequently referred the matter to a Professional Responsibility Tribunal, because the probable cause affidavit in the Pawnee County felony case indicated that Respondent (1) took payment, at least partially, from a client in the form of Oxycodone, (2) received payment for legal services in the form of drugs on other occasions, and (3) occasionally took sexual favors from women for payment of legal fees.

¶3 We also specially noted the Tulsa County misdemeanor convictions stemmed from misconduct occurring less than three months after this Court disciplined Respondent for prior criminal misconduct. *State ex rel. Oklahoma Bar Ass'n v. Wilburn (Wilburn I)*, 2006 OK 50, 142 P.3d 420. In *Wilburn I*, we publicly censured Respondent on June 26, 2006, for his inappropriate touching of two Tulsa County Courthouse female security guards in February 2004. Respondent entered guilty pleas to two misdemeanor charges of outraging public decency stemming from this incident and received concurrent one-year sentences on each charge. He was also ordered to perform forty hours of community service.

¶4 The regulation of licensure, ethics, and discipline of legal practitioners is a nondelegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive Jurisdiction. *State ex rel. Oklahoma Bar Ass'n v. Albert*, 2007 OK 31, 163 P.3d 527. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, 127 P.3d 600.

¶5 To impose appropriate discipline, the record must be sufficient for this Court to conduct a thorough inquiry into essential facts. *State ex rel. Oklahoma Bar Ass'n v. Donnelly*, 1992 OK 164, 848 P.2d 543. The record in this case includes transcripts of the mitigation hearing on March 25, 2009, where Respondent failed to appear, and a supplement to the record summarizing that Respondent appeared at the Bar Association the next day. It also contains the transcript with exhibits of the continuation of the mitigation hearing on April 3, 2009, and the Trial Panel Report. We find this record to be adequate for our independent, non-deferential examination. *State ex rel. Oklahoma Bar Ass'n v. Burns*, 2006 OK 75, 145 P.3d 1088.

¶6 The record discloses that Respondent sought a continuance of the first mitigation hearing set February 27, 2009, representing that counsel for Complainant had no objection and alleging that a medical condition prevented him from attending any proceed-

ings. The hearing was rescheduled to March 25, 2009, and Respondent failed to appear.

¶ 7 On March 26, 2009, Respondent appeared at the Oklahoma Bar Association office to explain that he had his dates mixed up and offered some documentation relating to his medical and mental health treatment. The mitigation hearing was reset for April 3, 2009. Following the April 3 hearing, the PRT concluded that there was no conclusive evidence that Respondent had a valid medical reason for obtaining continuance of the February 2009 hearing. It also noted that Respondent had made other misrepresentations to the PRT, namely that Complainant did not object to a continuance. Complainant did object to the initial motion for a continuance and sent Respondent a letter that it would object unless there was some verifiable proof that Respondent had a medical condition that would not allow him to attend the February 27 hearing. Respondent admitted to the PRT that he had no basis for representing that Complainant had no objection.

¶ 8 In attempting to explain his alcoholism and substance abuse problems, Respondent testified that he continues to drink "on occasion" and that he only attended AA meetings "when he needs it." The PRT found that Respondent had a substance abuse problem and that he continued to abuse alcohol and other substances, and that he attempted to excuse his behavior due to his addiction. The PRT found that Respondent also failed to show a diligent attempt to manage and control his bipolar disorder.

¶ 9 The PRT determined that Respondent's most recent felony and misdemeanor convictions clearly subjected him to discipline.[1] The PRT also considered Respondent's previous public censure in *Wilburn I,* as well as a private letter of censure or warning in 1990 or 1991 for neglect in his representation in an immigration matter. The PRT concluded Respondent's actions fell woefully short of being rehabilitated, and recommended suspension from the practice of law for two years and one day. Upon de novo review, we agree with these findings, and believe suspension is warranted. We likewise determine that the appropriate amount of time for suspension is two years and one day.

¶ 10 This Court may properly consider Respondent's prior discipline for purposes of enhancement of discipline. *State ex rel. Oklahoma Bar Ass'n v. Mothershed,* 2003 OK 34, 66 P.3d 420. This Court notes that Respondent's offenses have not been minor. The Oklahoma Bar Association previously sent Respondent a private letter of censure for neglect in the early 1990s. He was later publicly censured in *Wilburn I* on June 27, 2009, for convictions of misdemeanor charges for outraging public decency that were reduced from felony sexual battery counts. Less than three months later, on September 9, 2009, Respondent committed misconduct that included assault and battery on children resulting in further misdemeanor convictions.

¶ 11 Respondent has offered no evidence in mitigation as to his reputation as an attorney. Respondent continues to drink alcohol and abuse other substances and has shown a lack of judgment and repeated indifference to the law. At the hearing before the PRT, Respondent was asked if he wanted the panel

---

1. See Title 5 O.S. Supp.2007, Ch. 1, App. 1–A:

Rule 7.1 states:

*A lawyer who has been convicted* or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction *of a crime which demonstrates such lawyer's unfitness to practice law,* regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, *shall be subject to discipline as herein provided,* regardless of the pendency of an appeal. (Emphasis added.)

Rule 7.2 states:

The clerk of any court within this State in which a lawyer is convicted or as to whom proceedings are deferred shall transmit certified copies of the Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and judgment and sentence of conviction to the Chief Justice of the Supreme Court and to the General Counsel of the Oklahoma Bar Association within five (5) days after said conviction. The documents may also be furnished to the Chief Justice by the General Counsel. Such documents, whether from this jurisdiction or any other jurisdiction, shall constitute the charge and be *conclusive evidence of the commission of the crime* upon which the judgment and sentence is based and *shall suffice as the basis for discipline in accordance with these rules.* (Emphasis added.)

and this Court to give him a third chance. Respondent responded by stating "yes, because that's what life is sir. If you make a mistake today, you'll learn from it. You make a different mistake tomorrow, you'll learn from that one. Life is about mistakes and getting a second chance to not make it."

¶ 12 This Court finds by Respondent's own testimony that he does not recognize his problems and that he does not seek and/or cooperate in treatment except on the occasions where he thinks "he needs it." While not bound by the recommendations of the PRT, this Court agrees that Respondent's actions have fallen woefully short of being rehabilitated. We find that he has failed to take any meaningful steps to address and resolve his addictions and their adverse impact on his fitness to practice law.

¶ 13 We have reviewed the record before us and find that Respondent's criminal convictions and other evidence constitute clear and convincing evidence of Respondent's unfitness to practice law. We adopt the recommendation of the PRT for a suspension of a period of two years and one day from the date this opinion becomes final. Respondent is further ordered to pay the costs of this proceeding in the amount of $711.09, within thirty days of the date this opinion becomes final.

¶ 14 In the event Respondent seeks reinstatement, it will be conditioned upon his continued sobriety, as it is essential to his rehabilitation. *See State ex rel. Oklahoma Bar Ass'n v. Briery,* 1996 OK 45, ¶ 14, 914 P.2d 1046, 1050; *see also State ex rel. Oklahoma Bar Ass'n v. Rogers,* 2006 OK 54, ¶ 21, 142 P.3d 428, 436. The burden is on Respondent to participate in such programs as Alcoholics Anonymous or Lawyers Helping Lawyers should he choose to regain membership to the Bar. *Id.*

**RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE DAY; RESPONDENT ORDERED TO PAY COSTS.**

¶ 15 EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WINCHESTER, COLBERT, and REIF, JJ., concur.

¶ 16 WATT, J., concurring in part; dissenting in part.

While I concur in the imposition of discipline, I would disbar this respondent.

¶ 17 TAYLOR, V.C.J., dissenting.

I would disbar this felon.