2015 OK 59

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

David William KNIGHT, Respondent.

QBAD No. 2041.
SCBD No. 6262.

Supreme Court of Oklahoma.

Sept. 29, 2015.

Katherine Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

David W. Knight, Wichita Falls, Texas, pro se.

EDMONDSON, J.

¶ 1 This professional disciplinary proceeding arose after the respondent lawyer, David W. Knight, (1) practiced law in Oklahoma while his license was suspended by this Court, (2) failed to follow the rules for a lawyer with a suspended license, and (3) failed to timely and adequately respond to the Oklahoma Bar Association's requests for information in this proceeding. Knight's license to practice law is currently suspended. We suspend Knight's license to practice law for a period of two years and one day effective on the date this opinion is final and order him to pay costs in the amount of one-thousand, eight hundred and fifty-four dollars and ninety-six cents ($1,854.96), within ninety days of the date this opinion is final.

¶ 2 Knight was admitted to the practice of law in Oklahoma on October 14, 1982. Knight has also been licensed to practice law in the State of Texas. On July 16, 2014, this Court suspended Knight's license to practice law in Oklahoma for a period of one year. *State ex rel. Oklahoma Bar Ass'n v. Knight,* 2014 OK 71, 330 P.3d 1216. This previous proceeding arose in Oklahoma as a reciprocal discipline case after the Grievance committee of the State Bar of Texas (District 14) ordered a one-year suspension of Knight's Texas license for his violation of Rules 1.01(b)(1), 1.03(a), and 1.15(d) of the Texas Disciplinary Rules of Professional Conduct (TDRPC).[1]

¶ 3 Knight made no appearance in his previous Oklahoma disciplinary proceeding. His one-year suspension was imposed by the Court's opinion dated July 16, 2014, and that opinion did not explicitly find that an immediate implementation of discipline was necessary to protect the public. The Court's public docket on the internet shows that Knight's opinion imposing a one-year suspension was mailed to the parties on July 16, 2014. This internet docket was available for public viewing when the Court's opinion was filed, and Knight could have accessed this docket and verified the information when he received his copy in the mail. By application of Disciplinary Rule 6.15,[2] Oklahoma Supreme Court Rule 1.193,[3] and the opinions of this Court explaining the effective date for imposition of lawyer discipline,[4] Knight could have timely sought a rehearing between July 17, 2014 and August 5, 2014, and without a timely

---

1. *Knight,* 2014 OK ¶ 71, at 2, 330 P.3d at 1218 citing the Texas Disciplinary Rules of Professional Conduct: "Rule 1.01(b)(1) of the TDRPC states: 'In representing a client, a lawyer shall not ... neglect a legal matter entrusted to the lawyer....' Rule 1.03(a) of the TDRPC states: 'A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' Rule 1.15(d) of the TDRPC states, in pertinent part: 'Upon termination of representation, a lawyer shall ... [surrender] papers and property to which the client is entitled....' "

2. 5 O.S. 2011, Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 6.15(c): "Petitions for rehearing on behalf of the respondent or the Association shall be filed with the Clerk of the Supreme Court within twenty (20) days from the date of mailing of the action or decision of the Supreme Court."

3. 12 O.S. 2011, Ch. 15, App. 1, Rule 1.193, (in part and with emphasis added): "In all original proceedings other than those to review a decision of the Workers' Compensation Court *or to impose bar discipline,* the decision of this Court, unless it is stayed with or without bond, shall become effective when its opinion or order is filed with the clerk."

4. *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Giger,* 2003 OK 61, ¶ 17, 72 P.3d 27, 35 ("We hold today that a Bar disciplinary order, the effectiveness of which is not delayed by the filing of a petition for rehearing, becomes effective twenty (20) days after the decision is mailed to the parties, except where the court explicitly finds that immediate implementation of discipline is necessary to protect the public."); *State ex rel. Oklahoma Bar Ass'n v. Mothershed,* 2011 OK 84, ¶ 36, 264 P.3d 1197, 1212 (principle noted with citation to *Giger*); *State ex rel. Oklahoma Bar Ass'n v. Bourland,* 2001 OK 12, ¶ 13, 19 P.3d 289, ("Although in most cases where we exercise original jurisdiction the adjudication by the Court is effective the date Court's order or opinion is filed, a lawyer discipline case is an exception to this rule.").

filed petition for rehearing his one-year suspension was effective on August 6, 2014.

### I. Respondent's Representation of Brackett After Suspension Date

¶ 4 Brackett, a resident of Texas, paid Knight $1,500.00 to represent him in an Oklahoma criminal misdemeanor proceeding, *State v. Brackett,* CM–2014–88, Cotton County, Oklahoma. On August 13, 2014, Knight and Brackett traveled to the Cotton County Courthouse where Knight negotiated a plea for Brackett with Assistant District Attorney Mark Clark. On that date Knight signed and acknowledged before Judge Flanagan a waiver of a jury trial on behalf of Brackett. Also at that time an order was presented to Judge Flanagan for a change of Brackett's plea. Knight executed these documents as "Attorney for Defendant."

¶ 5 After these negotiations Knight informed Brackett that he would need to appear at the next hearing and enter his negotiated plea without Knight being present. On September 26, 2014, Brackett appeared before Judge Flanagan without Knight or any other lawyer. Brackett was not told by Knight that he had been suspended from the practice of law. Knight did not file a motion to withdraw in Brackett's case.

### II. Respondent's Representation of Branham after Suspension Date

¶ 6 A Court Minute shows on August 18, 2014, in Case Nos. CF–2011–48 and CM–2011–244, Cotton County, Oklahoma, Knight appeared for and with the Defendant, Blake Keith Don Branham, at a hearing where the State wanted Branham incarcerated without bond, and Branham requested a hearing on his bond. The trial judge and assistant district attorney present at Branham's criminal proceeding testified before the trial panel and explained Knight's representation of Branham, including Knight's oral argument to the trial court on behalf of Branham and the bond he sought.

¶ 7 The trial judge testified he subsequently read Knight's suspension on OSCN. In the presence of the assistant district attorney,

the judge telephoned Knight concerning his continued representation in criminal cases before the judge. The judge requested Knight to file motions to "withdraw from your cases and do whatever the Bar is telling you to do so that we can handle our cases here properly." On August 27, 2014, Knight filed a motion to withdraw in Branham's case, and requested permission to withdraw "for reason that Defendant and this attorney are unable to agree on how this case is to proceed." The trial judge and the assistant district attorney informed the Bar of the events.

### III. Failure to Respond to Grievance and Failure to Obey a Subpoena

¶ 8 The Bar requested Knight's response to a formal professional Grievance. During his testimony before the trial panel, Knight stated he was aware he failed to timely respond in an appropriate manner during his private reprimand proceeding before the Oklahoma Professional Responsibility Commission in 2011 and in the Oklahoma Supreme Court proceeding in 2014. He stated his awareness of his duty to respond to a Grievance when requested by the Bar, but he did not know why he had failed to respond to the Grievance in the present proceeding.

¶ 9 When Knight failed to respond as requested by the Bar he was subpoenaed for a deposition. He contacted the Bar and the date for the deposition was continued to accommodate his schedule. During this time the Bar informed Knight he was required to respond to the Grievance, and the deposition would occur on the re-scheduled date in the absence of his required "full and adequate response." In addition to information concerning his representation in the criminal proceedings, the Bar requested information on the steps he had taken to implement the Supreme Court's 2014 order of suspension.

¶ 10 The day before the re-scheduled deposition and after the Bar offices were closed for the day, the Bar received a one-page fax from Knight stating it was his response to the Grievance. Knight's one-page fax states he thought he had thirty days from the date he received the Supreme Court's order for

him to conclude his representation in Oklahoma courts. The Bar telephoned and faxed his office immediately after receiving the fax as well as the next day with a statement that his letter was not a complete response to the Grievance and his attendance at a deposition was still necessary because his letter gave no additional information concerning his clients, notifying them of his suspension, under what circumstances he had appeared in the District Court, and what representations he had made to others and the District Court concerning his license or representing clients. The Bar offered to continue the deposition until later in the day to provide Knight time needed to travel to the Bar offices in Oklahoma City. Knight did not answer his telephone or respond to the Bar's faxes that evening or the day of the re-scheduled deposition.

#### IV. Knight's Participation at the Trial Panel Hearing

¶ 11 A hearing was held before a trial panel of the Professional Responsibility Tribunal. Knight appeared pro se at the hearing and testified. Knight was asked why on August 13, 2014, he failed to inform the trial judge and the assistant district attorney that he had been suspended. He said, "I thought I had 30 days from the date that I received the—the notice from the Oklahoma Supreme Court to either petition for rehearing or to wrap up my business. And I didn't realize it was 20 days from the date of the order." He said that on August 13, 2014, the day he appeared in District Court, he thought he had 15 or 20 days left "to practice or to file a petition for rehearing."

¶ 12 He testified he thought his appearance in District Court with Branham on August 18, 2014, was proper because it was within thirty days after his receipt of the Oklahoma Supreme Court's opinion. He was asked the date he received the Supreme Court's opinion and how he calculated the thirty-day period. He responded he could not remember the exact date he received by mail the Supreme Court's opinion or whether he still possessed the envelope used for mailing the opinion to him, and he calculated the date the order became final for purpose of suspension as "the very, very end of August or—or the first week of September."

¶ 13 He testified he was not aware of Rule 9.1 of the Rules Governing Disciplinary Proceedings and its requirement for notification of clients when a lawyer has his or her license suspended by this Court. He testified he could not remember when he told Brackett to hire another lawyer or how much he refunded to him: "I'm not sure exactly ... I know I refunded some of his money, if not all of it."

¶ 14 Knight testified his law office is in Wichita Falls, Texas, and he was licensed to practice law in both Oklahoma and Texas. He stated during July and August 2014, he employed an office assistant to process his mail, and he had "trouble" receiving his certified mail during this period. He stated that at the time of his trial panel hearing this assistant was no longer employed by him. He also stated this same assistant was responsible for the timing for sending his letter responding to the Bar's Grievance by a fax transmission after 5:00 p.m. on the day before his rescheduled deposition. After the Bar rested its case, Knight repeated his earlier testimony "there was never any intent to violate the [Supreme] Court's order and to practice law without permission."

#### V. Knight's Rule 6.4 Admission and Supreme Court's Review

¶ 15 On April 6, 2015, the Bar filed a Rule 6 Complaint in this Court alleging Knight's violations of the Oklahoma Rules Governing Disciplinary Proceedings (RGDP) and the Oklahoma Rules of Professional Conduct (ORPC). The Bar alleges Knight violated Rules 1.16(a)(1),[5] 3.3(a)(1), 3.4(c),[6] 5.5, 8.1(b),[7]

---

**5.** 5 O.S., Ch. 1, App. 3–A, Rule 1.16(a)(1), ORPC: "(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representa-

tion will result in violation of the Rules of Professional Conduct or other law;"

**6.** 5 O.S. Ch. 1, App. 3–A, Rule 3.4(c), ORPC: "A lawyer shall not: ... (c) knowingly disobey an obligation under the rules of a tribunal except for

and 8.4 of the ORPC and Rules 1.3,[8] 5.2,[9] and 9.1 [10] of the RGDP. The Complaint alleges Knight: (1) practiced law in the District Court of Cotton County Oklahoma while his

> an open refusal based on an assertion that no valid obligation exists...."

7. 5 O.S. Ch. 1, App. 3–A, Rule 8.1(b), ORPC: "An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: ... (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6."

8. 5 O.S. 2011 Ch. 1, App. 1–A, Rule 1.3, RGDP: Rule 1.3. Discipline for acts contrary to prescribed standards of conduct
The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

9. 5 O.S. 2011 Ch. 1, App. 1–A, Rule 5.2, RGDP, emphasis added:
Rule 5.2. Investigations
After making such preliminary investigation as the General Counsel may deem appropriate, the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete, or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance (or, in the case of an investigation instituted on the part of the General Counsel or the Commission without the filing of a signed grievance, a recital of the relevant facts or allegations) *upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds. Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of facts or allegations), or such further time as may be granted by the General Counsel, shall be grounds for discipline.* The General Counsel shall make such further investigation of the grievance and response as the General Counsel may deem appropriate before taking any action.

license to practice was under an order of suspension by this Court, and engaged in the unauthorized practice of law in violation of Rule 5.5; [11] (2) failed to notify his clients his

10. 5 O.S. 2011 Ch. 1, App. 1–A, Rule 9.1, RGDP,

Rule 9.1. Notice to clients; List of other bars to which admitted
When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

11. 5 O.S. Ch. 1, App. 3–A, Rule 5.5, ORPC:

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
(b) A lawyer who is not admitted to practice in this jurisdiction shall not:
(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
(2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction.
(c) Subject to the provisions of 5.5(a), a lawyer admitted in a United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in a jurisdiction where not admitted to practice that:
(1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter;
(2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a

Bar license was suspended in Oklahoma and he must cease representing them and violating Rule 9.1 RGDP; (3) failed to notify the District Court of Cotton County he must withdraw from proceedings in that court, also violating 9.1 RGDP; (4) failed to file an Answer to the Bar's Complaint in the Supreme Court, violating Rule 5.2, RGDP; (5) failed to file his Rule 9.1 affidavit with the Professional Responsibility Commission and the Supreme Court, violating that rule; (6) misrepresented to the District Court his status as a licensed lawyer; and (7) failed to communicate properly with the Bar.

¶ 16 At his trial panel hearing, the Bar argued Rule 1.16(a)(1) states a lawyer may not engage in representation that violates the ORPC, and practicing law without a license in good standing violates Rule 5.5 of the ORPC and thus also Rule 1.16(a)(1). The Bar argued Rule 3.3(a)(1) of the ORPC was violated by false statements of fact to a tribunal, and a failure to correct those false statements, by appearing in open court and arguing for his clients when he did not have a Bar license in good standing. The Bar argued Rule 3.3 was violated by Knight's knowingly disobeying an order or obligation. The Bar stated Knight violated Rule 8.1(b) ORPC and 5.2 RGDP by his failure to respond to the Bar's requests for information. The Bar stated Knight violated 8.4(d), conduct preju-

dicial to the administration of justice, by his failure to formally withdraw from the criminal proceedings where he was representing criminal defendants. The Bar also argued 1.3 RGDP was violated by Knight's acts contrary to the prescribed standard of conduct.

¶ 17 Knight appeared at the trial panel hearing where he testified, cross-examined witnesses, and argued for a one-year suspension of his Bar license. The trial panel was acting as this Court's hearing examiner in this original jurisdiction proceeding.[12] Knight's appearance before the trial panel is an appearance before this Court in this original jurisdiction proceeding.[13] Knight did not file a post-hearing brief in this Court. We have explained a respondent's mere failure to file a brief in this Court does not prevent this Court from reviewing the entire record and the merits of disciplinary charges.[14] However, our usual review of the entire disciplinary proceeding is altered by a respondent's admission pursuant to Rule 6.4.

¶ 18 The Bar supplied evidence Knight was properly served with notice of the Complaint in this proceeding. Knight did not file an Answer to that Complaint, or seek additional time to file an Answer. The Bar filed a motion to deem the Complaint's allegations admitted, and at the conclusion of his hearing the trial panel granted the motion.

person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized;

(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission; or

(4) are not within paragraphs (c)(2) or (c)(3) and arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice.

(d) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services in this jurisdiction that:

(1) are provided to the lawyer's employer or its organizational affiliates in connection with the employer's matters, provided the employer does not render legal services to third persons and are not services for which the forum requires pro hac vice admission; or

(2) are services that the lawyer is authorized to provide by federal law or other law of this jurisdiction.

12. *State ex rel. Oklahoma Bar Ass'n v. Mothershed*, 2011 OK 84, ¶ 51, 264 P.3d 1197, 1216 ("A trial panel functions as this Court's hearing examiner and a procedural "conduit" for the record and legal arguments making the case ready for this Court's original de novo review of the case.").

13. *Schweigert v. Schweigert*, 2015 OK 20, ¶ 12, 348 P.3d 696, 700.

14. *State ex rel. Oklahoma Bar Ass'n v. Mothershed*, 2011 OK 84, ¶ 69, 264 P.3d 1197, 1223 ("... this Court reviews the trial panel report, evidence submitted to the trial panel, stipulations, and pleadings filed in a disciplinary proceeding as well as a review of the merits of the disciplinary charges against a respondent even though he or she fails to file a brief in this Court.").

¶ 19 Disciplinary Rule 6.4 provides that if the respondent fails to answer the complaint, the charges shall be deemed admitted except that evidence shall be submitted for the purpose of determining the discipline to be imposed.[15] We have followed this rule in several proceedings.[16]

¶ 20 A proceeding adjudicating a lawyer's professional discipline has characteristics of an adversarial legal proceeding where the parties are required to put at issue both facts and legal arguments and this Court adjudicates the issues as framed by the parties.[17] The private nature of this dispute incorporates a party's authority to waive his or her personal rights. However, a disciplinary proceeding is more than a merely private dispute, and a party's stipulation or admission *may* raise public interests relating to the merits and require the Court to consider those interests in addition to determining the discipline to be imposed.

 ¶ 21 Purposes of a lawyer disciplinary proceeding include, but are not limited to, protecting the public and the judiciary, preserving the integrity of the bar, and deterring similar misconduct by the attorney being disciplined and other members of the bar.[18] In the context of a lawyer seeking to waive his or her personal rights by making admissions or stipulations as to unprofessional conduct and violations of the ORPC and RGDP, our opinions have recognized various public interests that require the Court to limit a lawyer's admission or stipulation in a particular proceeding. For example, a lawyer's attempt to waive certain personal procedural and substantive rights and admit to unprofessional conduct in the context of a resignation pending discipline is limited by public interest requirements for making a resignation effective.[19] Another example has occurred in the context of a trial panel proceeding when the Court has rejected admissions or stipulations when they were factually incorrect[20] or incorrect as a matter of law[21]

15. 5 O.S. 2011, Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 6.4 provides: "The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice. The respondent may not challenge the complaint by demurrer or motion. In the event the respondent fails to answer, the charges shall be deemed admitted, except that evidence shall be submitted for the purpose of determining the discipline to be imposed."

16. See, e.g., State ex rel. Oklahoma Bar Ass'n v. McCormick, 2013 OK 110, ¶ 5, 315 P.3d 1015, 1017 (Rule 6.4 "provides for submitting evidence for the purpose of determining the proper discipline to be imposed."); State ex rel. Oklahoma Bar Ass'n v. Rowe, 2012 OK 88, ¶ 18, 288 P.3d 535, 539 ("Rule 6.4 provides that if the respondent fails to answer the complaint, the charges shall be deemed admitted except that evidence shall be submitted for the purpose of determining the discipline to be imposed."); State ex rel. Oklahoma Bar Ass'n v. Edwards, 2011 OK 3, ¶ 2, 248 P.3d 350, 351 (same).

17. State ex rel. Oklahoma Bar Ass'n v. Mothershed, 2011 OK 84, ¶ 70, 264 P.3d 1197, 1223 ("A Bar disciplinary proceeding is adversarial in nature, and a lawyer subject to discipline is provided with a fair and open hearing before a trial panel with notice and opportunity to present evidence and argument.").

18. State ex rel. Oklahoma Bar Ass'n v. Knight, 2014 OK 71, at ¶ 11, 330 P.3d at 1220. See also State ex rel. Oklahoma Bar Ass'n v. Godlove, 2013 OK 38, ¶ 22, 318 P.3d 1086, 1094 (discipline is imposed to (1) preserve confidence in the Bar, (2) deter the respondent and other lawyers from similar conduct, and (3) to protect the public).

19. State ex rel. Oklahoma Bar Ass'n v. Gasaway, 1993 OK 133, 863 P.2d 1189, 1193 (The Court has declined to accept a resignation pending discipline "because it failed to specify with particularity the nature of the pending grievances, investigations, and other pending proceedings as required by Rule 8.1" of the Rules Governing Disciplinary Proceedings); State ex rel. Oklahoma Bar Ass'n v. Perkins, 1988 OK 65, 757 P.2d 825, 828 ("We do not consider a proffered resignation which is stated to take effect at some future date to be a resignation within the meaning of Rule 8.1 requiring our acceptance of same. We accordingly decline to accept the resignations as tendered.").

20. See, e.g., State ex rel. Oklahoma Bar Ass'n v. Wilcox, 2009 OK 81, ¶ 4, 227 P.3d 642, 647 ("Because stipulations are not binding on this Court, the stipulations must be supported by testimonial or documentary evidence to allow a meaningful review ... When the documentary and testimonial evidence shows conclusively and unequivocally that the stipulations are factually incorrect, this Court will reject the stipulations "), (emphasis added). See also Besly, McGee, and Johnston cited in note 12, infra.

21. See, e.g., State ex rel. Okla. Bar Ass'n v. Besly, 2006 OK 18, ¶¶ 9, 29, 34–35, 136 P.3d 590, 596, 600–601, 602–603 (factually incorrect stipulation on the date certain documents were created

and raised a public interest issue. In summary, public interests may limit the lawyer's authority in making particular admissions or stipulations as to facts or law sought by the Bar.[22] Thus, we have often explained that

could not support a stipulation that a provision of the ORPC was violated by creating the documents when the ORPC was not in effect when the documents were actually created); *State ex rel. Oklahoma Bar Ass'n v. McGee*, 2002 OK 32, ¶ 20, 48 P.3d 787, 792 ("Although Respondent has stipulated to violating Rule 1.2, ORPC, we have a duty to review the evidence de novo to determine if the allegations of misconduct are established by clear and convincing evidence. Stipulations of the parties and findings of fact and recommendations of the Tribunal are advisory, being neither binding nor persuasive."); *State ex rel. Oklahoma Bar Ass'n v. Johnston*, 1993 OK 91, 863 P.2d 1136, 1139, 1141, 1143 (In a professional disciplinary proceeding, a lawyer's stipulation or admission in the form of an agreed conclusion of law that his professional conduct violated Rule 8.4(c) of the ORPC did not prevent the Court from determining that the record failed to show the lawyer's motive [bad or evil intent] that was necessary for holding that the lawyer violated Rule 8.4).

**22.** We need not analyze specific public interests that may arise when the Bar seeks an admission from a lawyer in the context of a trial panel proceeding or a Rule 6.4 admission in the contexts of a lawyer appearing or not appearing at a trial panel hearing. But we note the following from *McGee* and *Johnston* cited in note 21 *supra*.

Public interests that may arise in a lawyer disciplinary proceeding include, but are not limited to, the public's interest in uniform non-retroactive enforcement of substantive rules impacting a Bar license. *See, e.g., Dolese Bros. Co. v. State ex rel. Okla. Tax Commission*, 2003 OK 4, ¶ 9, 64 P.3d 1093, 1098 (substantive rules are applied to conduct in effect when conduct occurred and not retroactively); *State ex rel. Oklahoma Bar Ass'n v. Flanery*, 1993 OK 97, 863 P.2d 1146, 1148 (whether a lawyer was charged with violating Rules of Professional Conduct or the former Code of Professional Responsibility was based upon which one was in effect on the date of the misconduct).

When a party combines an admission that a rule was violated with contrary or ambivalent trial panel evidence on one of the elements necessary to show a violation of that rule (such as ill motive), the issue arises whether the admission is binding on the Court. The Court's adjudication of a *public* interest will not be bound by a party's admission or stipulation. *State ex rel. State Ins. Fund v. JOA, Inc.*, 2003 OK 82, ¶¶ 6–7, 78 P.3d 534, 536–537 (law involving power or structure of government may not be adjudicated by waiver or stipulation of parties). Further, an admission or stipulation on an element used to define lawyer misconduct presents a question of law for this Court. *McQueen, Rains & Tresch, LLP v.*

admissions and stipulations must be supported by the record, and we will review the record to determine if a lawyer has violated the rules governing professional conduct.[23]

*Citgo Petroleum Corp.*, 2008 OK 66, ¶ 29, 195 P.3d 35, 45 (in the context of determining that a specific contract was not made *per se* unenforceable by the Oklahoma Rules of Professional Conduct, the Court treated the application of the scope of the Rules as a question of law for the Court). This Court has a nondelegable duty to define the elements of lawyer misconduct. *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, ¶ 3, 127 P.3d 600, 602. Finally, lawyer misconduct must be shown by clear and convincing evidence. *State ex rel. Oklahoma Bar Ass'n v. Mansfield*, 2015 OK 22, ¶ 14, 350 P.3d 108, 113.

The extent to which parties adjudicating *nonjurisdictional and private rights* may bind an appellate court on law used to adjudicate their controversy (such as parties defining the elements/defenses to an action; or admitting the existence of the action on the pleadings or evidence; or by omitting or raising their defenses to the action) when they use stipulations, admissions, or waivers presents a question not before us in this Bar disciplinary original proceeding. *But see, Keota Mills & Elevator v. Gamble*, 2010 OK 12, n. 31, 243 P.3d 1156, 1162 (in an action on a promissory note, parties presented stipulations that adjudication of action was determined by one of two statutes of limitation, but parties' litigation conduct could not prevent appellate court from applying third statute), and *Reddell v. Johnson*, 1997 OK 86, ¶¶ 7–8, 942 P.2d 200, 202–203 (when affirming trial court's grant of summary judgment in a negligence action, Court stated affirmative defenses must be raised by a party or they are waived, and intermediate appellate court erroneously applied a statute of limitations not pled by a party).

**23.** *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Ward*, 2015 OK 48, ¶ 31, 353 P.3d 509, 520 ("Admissions or stipulations must be supported by testimony and/or exhibits, and we will evaluate the weight and credibility of the evidence presented to determine if a lawyer has violated rules governing their professional conduct."); *State ex rel. Oklahoma Bar Ass'n v. Mansfield*, 2015 OK 22, ¶ 14, 350 P.3d 108, 113 (same); *State ex rel. Oklahoma Bar Ass'n v. Conrady*, 2012 OK 29, ¶ 6, 275 P.3d 133, 136 (same); *State ex rel. Oklahoma Bar Ass'n v. Cox*, 2011 OK 73, ¶ 10, 257 P.3d 1005, 1009 (same); *State ex rel. Oklahoma Bar Ass'n v. Smith*, 2011 OK 8, 14, 246 P.3d 1090, 1094 (Where respondent admitted to violations of both ORPC and RGDP, we stated that clear and convincing evidence supported the PRT's findings, and it remained for us to determine the appropriate discipline by looking to similar cases.); *State ex rel. Oklahoma Bar Ass'n v. Taylor*, 2003 OK 56, ¶ 2, 71 P.3d 18, 21 ("Even when the parties' stipulate to misconduct,

¶ 22 When a lawyer has failed to file an answer to a formal complaint and failed to participate in a disciplinary hearing, the Court has found allegations of misconduct in the complaint deemed admitted and imposed discipline by a published order. In such cases, the Court reviews the entire disciplinary record, including the Complaint and a Bar's motion to deem the allegations admitted, and in the absence of public interests *appearing on the record* that would limit the scope of a Rule 6.4 admission, we may state our summary of the allegations deemed admitted and impose the appropriate discipline by an order.[24]

¶ 23 We have stated "In Rule 8.4 cases we have examined the evidence for an improper motive for the misrepresentation. 'A misrepresentation must be shown by clear and convincing evidence that the declarant had an underlying motive (i.e., bad or evil intent) for making the statement.' We have looked at whether a lawyer was attempting to gain some advantage by a misrepresentation."[25] We have applied this analysis examining intent and motive in both Rule 8.4(c)[26] Rule 8.4(d)[27] matters. Intent is also involved in a Rule 8.4(b) matter, misconduct by committing a criminal act.[28] We have rejected an admission to a Rule 8.4 violation when the record showed that the underlying required motive was not present.[29]

¶ 24 The Bar refers to violations of both Rule 8.4[30] and Rule 8.4(d). The Bar stated Knight violated 8.4(d), conduct prejudicial to the administration of justice, by his failure upon suspension to formally withdraw from the criminal proceedings where he was representing criminal defendants and the fact of his misrepresenting his Bar status to the court.[31] The assistant district attorney and

---

the stipulations do not bind us for our duty is to review the evidence de novo to decide if misconduct allegations are established by clear and convincing evidence.").

24. *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Kerr*, 2015 OK 40, 351 P.3d 749 (allegations deemed admitted pursuant to Rule 6.4 and order of disbarment issued after stating that: "The disciplinary proceedings, and all five counts of misconduct concern the respondent's mishandling client's bankruptcy cases and funds and his failure to communicate with clients and to the Bar Association."); *State ex rel. Oklahoma Bar Ass'n v. Raynolds*, 2015 OK 17, 348 P.3d 208 (allegations deemed admitted pursuant to Rule 6.4 and order of disbarment issued after stating that: "The disciplinary proceedings, and all four counts of misconduct concern the respondent's embezzlement of his client's funds and his failure to communicate with clients and to the Bar Association.").

25. *State ex rel. Oklahoma Bar Ass'n v. Scroggs*, 2003 OK 21, ¶ 11, 70 P.3d 821, 826.

26. *State ex rel. Oklahoma Bar Ass'n v. Wilcox*, 2014 OK 1, ¶ 35, 318 P.3d 1114, 1125, citing *Besly*, 2006 OK 18, 136 P.3d 590 and *Taylor*, 2003 OK 56, 71 P.3d 18. *See also State ex rel. Oklahoma Bar Ass'n v. Young*, 2007 OK 92, ¶ 29, 175 P.3d 371 (noting the intent element and stating respondent's deceit violated Rule 8.4(c)); *State ex rel. Oklahoma Bar Ass'n v. Loeliger*, 2005 OK 79, ¶ 19, 127 P.3d 591 (noting intent element of Rule 8.4(c)).

27. *State ex rel. Oklahoma Bar Ass'n v. Mansfield*, 2015 OK 22, ¶ 37, 350 P.3d 108, 120 ("ORPC Rule 8.4(d) provides it is professional misconduct for a lawyer to 'engage in conduct that is prejudi-

cial to the administration of justice.' To establish a violation of ORPC 8.4(d), '[t]he interference contemplated must be serious' and must include some element of 'deceit, dishonesty, misrepresentation, criminality, sexual misbehavior or other morally reprehensible conduct.' ").

28. *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Dobbs*, 2004 OK 46, ¶ 28, 94 P.3d 31, 47–48 ("That admission would be sufficient to prove the element of intent in a criminal prosecution for perjury and it is sufficient to warrant professional discipline under Rule 8.4(b)").

29. *State ex rel. Oklahoma Bar Ass'n v. Johnston*, 1993 OK 91, 863 P.2d 1136, 1139, 1141, 1143.

30. For example, in the formal Compliant the Bar alleges a violation of "8.4, ORPC" and in its brief the Bar alleges both a violation of Rule 8.4 and Rule 8.4(d).

31. 5 O.S. 2011 Ch. 1, App. 3–A, Rule 8.4, ORPC:

Rule 8.4 Misconduct
It is professional misconduct for a lawyer to:
 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 (d) engage in conduct that is prejudicial to the administration of justice;
 (e) state or imply an ability to influence improperly a government agency or official or to

the trial judge agreed Knight's representation of his clients had been professional except for the failure to immediately file a motion to withdraw upon his suspension. They could not point to any advantage gained by Knight when he failed to withdraw upon suspension. They could not point to any detriment suffered by Knight's clients when he failed to withdraw upon suspension. The Bar did not present evidence of any monetary advantage Knight may have tried to gain by a delay in withdrawing from the cases. The Bar elicited testimony on the *potential* adverse circumstance created by a lawyer not withdrawing after a suspension of the lawyer's license; that is, a defendant using the lawyer's suspension as a basis for an appeal of a his or her criminal judgment and conviction.

¶ 25 Knight testified he was ignorant of the proper ethical standards. Ignorance may be intentional or willful. For example, it has been a truism in different areas of the law that ignorance of facts provides no defense where ignorance is intentional and deliberate in circumstances that would, or should, require an ascertainment of the facts.[32] While

Knight's testimony shows that his conduct appears to be an intentional ignorance of his ethical obligations, the evidence fails to show a bad or evil motive for his failure to timely withdraw from the proceedings. We decline to accept part of the Rule 6.4 admission as it relates to a violation of ORPC 8.4 and Knight's failure to withdraw in a timely manner when representing criminal defendants.[33]

¶ 26 The Bar argued that Rule 3.3 of the ORPC was violated by false statements of fact to a tribunal and Knight's failure to correct those false statements by (1) appearing in open court and arguing for his clients when he did not have a Bar license in good standing and (2) for failing to state the real reason for his motion to withdraw.[34] Knight admitted in the trial panel proceeding he had not stated the fact of his suspension in the motion to withdraw because "I didn't want my client to know the reason why I had done this."

¶ 27 A lawyer has a duty to know both the Oklahoma Rules Governing Disciplinary Proceedings and the Oklahoma Rules of Professional Conduct.[35] Knight stated that in 2014

---

achieve results by means that violate the Rules of Professional Conduct or other law; or
　(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

**32.** *See, e.g., Amazon Fire Ins. Co. v. Bond,* 1917 OK 96, 65 Okla. 224, 165 P. 414, 418, quoting *Ballard v. Nye,* 138 Cal. 588, 596, 72 P. 156, 159, (1903) (discussing the concept of facts putting a principal upon inquiry).

**33.** We note that at one point in the proceeding Knight was expressly questioned by a member of the trial panel whether his claim of a lacking intention to violate an ethical rule was a defense by him to the Bar's claim he violated an ethical rule or if it was merely put forward by him for the purpose of mitigating discipline. The Bar, Knight, and the trial panel members did not address whether a respondent may admit to a violation of a particular rule when absent from the complaint's allegations and trial panel record are elements necessary to show a violation of that rule.

**34.** 5 O.S. 2011 Ch.1, App. 3–A, Rule 3.3, ORPC: Rule 3.3 Candor toward the tribunal.
　(a) A lawyer shall not knowingly:
　　(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

　　(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
　　(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

**35.** 5 O.S. Ch. 1, App. 1–A, Rule 1.5, Rules Governing Disciplinary Proceedings states that lawyers will be disciplined in accordance with the Rules of Professional conduct.
"Rule 1.5, Oklahoma Rules of Professional Conduct
　This Court has adopted the Oklahoma Rules of Professional Conduct, adopted by American Bar Association, acting through its House of Delegates on August 2, 1983, and adopted by the House of Delegates of the Oklahoma Bar Association on November 21, 1986, as subsequently modified by this Court, and as it may hereafter be modified by this Court, as the standard of professional conduct of all lawyers. *Any lawyer violating these Rules of Professional Conduct shall be subject to discipline, as herein provided."* (emphasis added).

he was not sure of the effective date of his suspension order. Knight did *not* contact the Bar in an attempt to discover the effective date of the Court's order.

¶ 28 We have explained for the purpose of Rule 3.3, a lawyer's professed subjective belief when representing a fact to a tribunal will be rejected when we determine the lawyer could not have reasonably believed what he or she claimed.[36] Knight represented to the trial court that he was a licensed lawyer. He believed this was correct because he had the subjective belief that he was licensed until "the very, very end of August or—or the first week of September." We do not believe that Knight, or any licensed lawyer of this Court, could reasonably believe Knight's method for calculating an effective date for a suspension order and seek to apply it indeterminately across a week to two-week period of time. Knight's defense of subjective ignorance does not excuse him from a Rule 3.3 prohibition of knowingly making a false statement of fact or law to a tribunal. We find no issue to prevent Knight's admission to Rule 3.3 violations.

¶ 29 ORPC 3.4(c) states that a lawyer shall not *knowingly* disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists. Knight's subjective belief concerning his Bar status is unreasonable after he received notification of his suspension.

¶ 30 We have reviewed the entire record before us. There is no public interest present in the proceeding that would act to limit the scope of Knight's Rule 6.4 admission beyond that discussed herein concerning Rule 8.4. We agree with the trial panel and

deem the allegations of the Complaint admitted with the single exception of an admission that Rule 8.4 was violated by Knight's untimely motion to withdraw and his misrepresentation of his Bar status.

## VI. Discipline and Costs

¶ 31. Knight received a one-year suspension effective August 6, 2014. *State ex rel. Oklahoma Bar Ass'n v. Knight,* 2014 OK 71, 330 P.3d 1216. On June 15, 2015 Knight's license to practice law was suspended for nonpayment of his Oklahoma Bar Association dues. *In the Matter of Suspension of Members of the Oklahoma Bar Association for Nonpayment of Dues,* 2015 OK 46 (S.C.B.D. No. 6272). Knight's license to practice is currently suspended.

¶ 32 The Complaint alleges the prior discipline with a reference to this Court's opinion. The Court may consider prior discipline for the purpose of enhancement of discipline.[37] When the Bar seeks enhancement of discipline based upon former discipline it must allege the former discipline for the purpose of enhancement to give notice to the respondent.[38] Pleading the prior discipline in the Complaint gives notice to a respondent that the prior discipline may be used for enhancement purposes.[39] Knight's previous conduct resulting in prior discipline was before the trial panel.

¶ 33 In lawyer discipline proceedings the Court utilizes a complete record and seeks to impose equal or uniform discipline in order to avoid the vice of disparate treatment given to those being disciplined.[40] We have examined the record. Knight had notice of his suspension prior to his court appear-

**36.** *State ex rel. Oklahoma Bar Ass'n v. Dobbs,* 2004 OK 46, ¶ 37, 94 P.3d 31, 51.

**37.** *State ex rel. Oklahoma Bar Ass'n v. Wilburn,* 2010 OK 25, ¶ 10, 236 P.3d 79, 81.

**38.** See also 5 O.S. 2011 Ch. 1, App. 1–A, Rule 6.2, Rules Governing Disciplinary Proceedings:

Rule 6.2 Contents of formal complaint
The complaint shall set forth the specific facts constituting the alleged misconduct, and if prior conduct resulting in discipline, or evidence from prior investigations, is relied upon to enhance

discipline, the prior acts or conduct relied upon shall be set forth.

**39.** *State ex rel. Oklahoma Bar Ass'n v. Minter,* 1998 OK 59, ¶ 18, 961 P.2d 208, 212–213.

**40.** *State ex rel. Oklahoma Bar Ass'n v. Clausing,* 2009 OK 74, ¶ 5, 224 P.3d 1268, 1273. *See also State ex rel. Oklahoma Bar Ass'n v. Godlove,* 2013 OK 38, ¶ 22, 318 P.3d 1086, 1094 ("Although this Court strives to administer discipline in a uniform manner, each proceeding is unique, and, thus, discipline must be determined on a case-by case basis.").

ances.[41] Discipline imposed for the practice of law while the lawyer was suspended by this Court has varied because of the additional violations of the ORPC that are found in all of these opinions, and discipline has ranged from public censure to disbarment.[42]

¶ 34 We have recently stated "We have 'generally imposed severe discipline for the unauthorized practice of law by a lawyer whom we have suspended.'"[43] In *State ex rel. Oklahoma Bar Ass'n v. Running*,[44] the respondent also did not cease practicing law upon suspension for non-payment of dues or inform his clients as required by Rule 9.1.[45] The lawyer in *Running* was suspended for two years and one day.

¶ 35 Knight practiced law after his license had been suspended for one year in a disciplinary proceeding. Knight failed to notify his clients and knowingly represented himself to the trial court as a licensed lawyer when he knew he had been suspended. Knight failed to fully cooperate with the Bar's investigation. Knight has received previous discipline. We have considered Knight's recommendation that his conduct warrants a license suspension of one year.

¶ 36 A lawyer practicing law in criminal matters should not need the trial judge and assistant district attorney to monitor the lawyer's status as a lawyer and request the lawyer's withdrawal after being suspended by this Court. The Bar's allegations of Knight's misconduct are admitted except as limited herein. We hereby impose a suspension of Knight's license to practice law for a period of two years and one day commencing on the date this opinion is final.

¶ 37 The Bar filed an application pursuant to Rule 6.16 to assess costs against Knight in the amount of one-thousand, eight hundred and fifty-four dollars and ninety-six cents ($1,854.96). Rule 6.16 provides the costs of the investigation, record and disciplinary proceedings shall be surcharged against the disciplined lawyer, unless remitted for good cause by this Court.[46] The Bar's application

---

41. We are not presented with the circumstance of a lawyer appearing in court without notice of a suspension. *See, e.g., State ex rel. Oklahoma Bar Ass'n v. Whitworth*, 2008 OK 22, ¶¶ 25–28, 183 P.3d 984 (lawyer's court appearance two days after this Court's order suspending his license was not the unauthorized practice of law when no evidence showed that lawyer had notice of the suspension prior to the appearance).

42. *See, e.g., In re Reinstatement of Munson*, 2010 OK 27, n. 32, 236 P.3d 96, 104–105 (lawyers who engaged in the unauthorized practice of law and violated other provisions of the ORPC/RGDP received suspensions of public censure, six months, nine months, two years and one day, and disbarred).

43. *State ex rel. Oklahoma Bar Ass'n v. Malloy*, 2006 OK 38, ¶ 12, 142 P.3d 383, 387.

44. *State ex rel. Oklahoma Bar Ass'n v. Running*, 2011 OK 75, 262 P.3d 736.

45. 5 O.S. 2011 Ch. 1, App. 1–A, Rule 9.1, Rules Governing Disciplinary Proceedings.
Rule 9.1 Notice to clients; List of other bars to which omitted
When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

46. 5 O.S. 2011 Ch. 1, App. 1–A, Rule 6.16, Rules Governing Disciplinary Proceedings: "The costs of investigation, the record, and disciplinary proceedings shall be advanced by the Oklahoma Bar Association (or the Professional Responsibility Commission, if provision therefor has been made in its budget). Where discipline results, the cost of the investigation, the record, and disciplinary proceedings shall be surcharged against the disciplined lawyer unless remitted in whole or in part by the Supreme Court for good cause shown. Failure of the disciplined lawyer to pay such costs within ninety (90) days after the Supreme Court's order becomes effective shall re-

is granted. Rule 6.16 requires the costs to be paid within ninety (90) days. Knight is ordered to pay costs in the amount of one-thousand, eight hundred and fifty-four dollars and ninety-six cents ($1,854.96) within ninety (90) from the date this opinion is final.

## VII. Conclusion

¶ 38 Knight violated the Rules Governing Disciplinary Proceedings and the Oklahoma Rules of Professional Conduct. Knight's license to practice law is suspended for two years and one day commencing on the date this opinion is final. Knight shall pay costs in the amount of $1,854.96 within ninety from the date this opinion is final.

¶ 39 REIF, C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, and GURICH, JJ, concur.

¶ 40 COMBS, V.C.J., WATT and TAYLOR, JJ, dissent.

¶ 41 COMBS, V.C.J., joined by WATT and TAYLOR, JJ.: I would disbar the respondent.

sult in automatic suspension from the practice of law until further order of the Court.''